**UNITED STATES of America, Respondent-Appellee,**

v.

**Leo CARLINO, Petitioner-Appellant.**

**No. 510, Docket 32216.**

United States Court of Appeals Second Circuit.

Argued June 5, 1968.

Decided July 25, 1968.

James E. Birdsall, New York City (Warner & Birdsall, New York City, on the brief), for petitioner-appellant.

Elkan Abramowitz, Asst. U. S. Atty., New York City (Robert M. Morgenthau, U. S. Atty. for the Southern District of New York City, Pierre N. Leval, Asst. U. S. Atty., New York City, on the brief), for respondent-appellee.

Before WATERMAN and FEINBERG, Circuit Judges, and ZAMPANO, District Judge.*

* Of the District of Connecticut, sitting by designation.

ZAMPANO, District Judge:

The appellant, Leo Carlino, was sentenced in 1963 to imprisonment for one year and fined $5000 under a judgment of conviction entered in the United States District Court for the Southern District of New York, Cannella, J., following his plea of guilty to one count of income tax evasion. Four years later, having served his sentence and paid his fine, Carlino applied for a writ of error *coram nobis* alleging his guilty plea was involuntarily made. After oral argument, Judge Wyatt denied Carlino's petition without an evidentiary hearing. Carlino now appeals from that decision. We affirm.

On April 11, 1962, the appellant and others were charged with conspiracy and with various substantive offenses of income tax evasion in a 20 count indictment. On the same day appellant's son, Frank Carlino, and others were similarly charged in a separate indictment. On May 7, 1962, the defendants named in both indictments pleaded not guilty. Plea negotiations during the following year culminated in a representation by the government that upon appellant's guilty plea to one count of the indictment, the government would at the time of sentencing "make a determination with respect to the remaining counts" against him. In addition, the government agreed "to carefully consider" the case against Frank Carlino before proceeding to trial.

On November 7, 1963, the appellant withdrew his plea of not guilty to count two of the indictment and pleaded guilty to attempted income tax evasion by filing a false return for the calendar year 1955. Before accepting appellant's change of plea, Judge Cannella carefully examined the circumstances under which it was tendered and, among other things, elicited express statements from appellant that he had knowingly understated his income for the year 1955 by $25,000, that he had knowingly filed a false return, that no one had threatened or coerced him to change his plea, and that no one had promised him anything in exchange for his plea.

At the time of sentencing, the remaining counts of the indictment against appellant were dismissed. Subsequently, upon submission of an affidavit of innocence by Frank Carlino, the government dismissed the case against appellant's son.

■ In 1966 the Commissioner of Internal Revenue notified the appellant of an income tax deficiency and fraud penalty assessment for the year 1955. Appellant sought relief in the Tax Court, but learned, apparently for the first time, that he was collaterally estopped from contesting the fraud penalty by virtue of his guilty plea.[1] As a result, in order to avoid this obstacle to his petition in the Tax Court, the appellant moved in the court below to set his guilty plea aside, claiming it was involuntary because induced by an "understanding" with the government that, if he pleaded guilty to one count, all charges against his son would be dismissed.

■ Under the circumstances of this case, appellant was entitled to seek *coram nobis* relief. United States v. Morgan, 202 F.2d 67 (2 Cir. 1953), aff'd, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248

---

1. It is undisputed that appellant was unpleasantly surprised and understandably disturbed when he learned his guilty plea prevented him from litigating the issue of fraud in the Tax Court. Prior to his change of plea, appellant's counsel had properly advised him that his conviction would be no bar, if the government instituted subsequent civil proceedings. However, in 1964, some two years after appellant pleaded guilty, the Tax Court changed its position and adopted the collateral estoppel rule. See John T. Amos, 43 T.C. 50, aff'd, 360 F.2d 358 (4 Cir. 1965). In any event, such an unforeseen "collateral consequence" of conviction would not affect the voluntary character of appellant's guilty plea. United States v. Parrino, 212 F.2d 919 (2 Cir.), cert. denied, 348 U.S. 840, 75 S.Ct. 46, 99 L.Ed. 663 (1954).

(1954). But he would be entitled to an evidentiary hearing only if he raised a material issue of fact on a claim of constitutional dimensions. United States v. Tribote, 297 F.2d 598, 600 (2 Cir. 1961). In reaching the decision from which appellant now appeals, Judge Wyatt had the benefit of a transcript of appellant's change of plea before Judge Cannella, appellant's moving affidavit, counter-affidavits filed by the government, and various exhibits including copies of correspondence between appellant's counsel and the government prior to appellant's change of plea. In his thorough opinion, Judge Wyatt properly relied upon these records and acted well within his discretion in denying the petition without a hearing. See Accardi v. United States, 379 F.2d 312 (2 Cir. 1967); Mirra v. United States, 379 F.2d 782 (2 Cir.), cert. denied, 389 U.S. 1022, 88 S.Ct. 593, 19 L.Ed.2d 667 (1967).

 Judge Wyatt ruled that appellant's affidavit was insufficient to put the claim of coercion into issue. Nothing in Carlino's moving papers compels us to find otherwise. On this record, the allegation of an understanding that the charges against appellant's son would be dismissed did not, in itself, amount to a sufficient allegation of coercion. See United States ex rel. Cunningham v. Follette, 397 F.2d 143 (2 Cir. 1968). In any event, even if the claimed understanding did exist, appellant neither misconstrued its terms nor misunderstood its immediate consequences. The understanding alleged was fully performed exactly as appellant expected. Its mere existence would in no way vitiate his otherwise knowing and voluntary plea. Cortez v. United States, 337 F.2d 699 (9 Cir. 1964), cert. denied, 381 U.S. 953, 85 S.Ct. 1811, 14 L.Ed.2d 726 (1965). See United States ex rel. Rosa v. Follette, 395 F.2d 721 (2 Cir. 1968); United States v. Cariola, 323 F.2d 180 (3 Cir. 1963).

Judgment affirmed.