Angelo BRUNO, Petitioner,

v.

UNITED STATES of America, Respondent.

Civ. A. No. 19319–3.

United States District Court,
W. D. Missouri, W. D.

April 22, 1971.

Kenneth K. Simon, Kansas City, Mo., for petitioner.

Frederick O. Griffin, Asst. U. S. Atty., Kansas City, Mo., for respondent.

ORDER GRANTING PETITIONER LEAVE TO PROCEED IN FORMA PAUPERIS, DIRECTING CLERK TO FILE MOTION TO CORRECT SENTENCE AS A PETITION FOR WRIT OF CORAM NOBIS AND SETTING

HEARING ON PETITION

WILLIAM H. BECKER, Chief Judge.

On October 16, 1934, petitioner pleaded guilty in this Court to an indictment charging him with unlawfully selling 46 grains of morphine hydrochloride. Subsequently, on October 24, 1934, a sentence of two years' imprisonment was imposed on petitioner. United States v. Bruno (W.D.Mo.) Criminal Action No. 12637–1. The sentence did not, as it might have, contain any recommendation that petitioner, an alien, not be deported. And subsequently, after a number of delays in the hearings conducted by the Immigration and Naturalization Service, petitioner was in fact deported in 1956. If the court had recommended against deportation in the sentence or

within thirty days thereafter, the court's recommendation would have been binding on the Immigration and Naturalization Service at the time the sentence was imposed on petitioner. United States ex rel. De Luca v. O'Rourke (C. A.8) 213 F.2d 759. After the amendment of Section 1251(b), Title 8, U.S.C., in 1952, however, to pertain only to a single offense involving moral turpitude committed within five years of entry or two such crimes (as described in Section 1251(a)(4) of the same title) the recommendation would not have been effective to forestall his deportation. Subsequently, petitioner was arrested in the United States and is therefore presently accused of being found in the United States (after having been deported) in United States v. Bruno (W.D.Mo.) Criminal Action No. 23138–3, now pending in this Court.

██ Meantime, petitioner has filed a "motion for correction of illegal sentence under Rule 35," Federal Rules of Criminal Procedure, in the 1934 case in which the conviction was secured. Cf. United States v. Bruno (W.D.Mo.) Criminal Action No. 12637–1. In the motion, petitioner substantially alleges:

"Comes now the defendant, and by his attorney, respectfully Moves this Honorable Court to vacate the judgment and sentence entered October 24, 1934; and the Plea entered on October 16, 1934, on the following grounds, to-wit:

"1. The sentencing Court and Defendant's counsel failed to fully and effectively advise the Defendant of the full consequences of a plea in this case, including the possibility of banishment from the country; and to otherwise comply with the requirements of Rule 32 including the rights of appeal, and to speak in his own behalf; that his constitutional rights to effective assistance of counsel were violated; that the Defendant did not voluntarily and knowingly enter this plea as he was not fully advised of all of his rights and all consequences of the plea therein entered and the Court was not informed and mistakenly assumed that the Defendant was in fact an American citizen at time of sentencing when in truth and fact the Defendant was only a resident alien which substantially affected the constitutional rights of the Defendant in entering this plea.

"2. This relief is necessary to correct manifest injustice.

"3. There is incorporated herein by reference *Exhibit A* which includes among other things the letter from the sentencing Judge as to the facts at the time of sentencing.

"WHEREFORE, IT IS URGED that the Court set aside the Judgment and sentence and plea, or such other relief as to the Court may seem mete and proper."

Petitioner thereby seeks a correction of his 1934 sentence to include a recommendation against deportation. In support, he has produced a letter dated November 21, 1944, from the sentencing judge to the Immigration and Naturalization Service stating that he would have recommended against deportation had he known petitioner was an alien. It is readily apparent as an initial consideration, however, that the relief sought is inappropriately sought by means of a motion for correction of sentence. Petitioner moves in the motion "to vacate the judgment and sentence entered October 24, 1934, and the Plea entered on October 16, 1934." But a Rule 35 motion would be effective only to correct the sentence. Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407. And the allegations that petitioner did not understand the consequences of his guilty plea and that he was a victim of ineffective assistance of counsel in this regard constitute attempts to state grounds to permit the withdrawal of the guilty plea and vacate the judgment of conviction. Further, correction of the sentence under Rule 35, *supra*, would be ineffective to provide petitioner with the relief he seeks. It is well established that a recommendation against deportation made after the 30

days-after-sentencing time limit written into the statute is ineffective to prohibit the Immigration and Naturalization Service from ordering the alien defendant's deportation. United States ex rel. Piperkoff v. Esperdy (C.A.2) 267 F.2d 72; United States ex rel. Klonis v. Davis (C.A.2) 13 F.2d 630; Ex parte Eng (N.D.Cal.) 77 F.Supp. 74. Only when the conviction underlying the sentence has been validly [1] vacated for some other reason than merely to make the recommendation against deportation is the recommendation made upon a resentencing effective to prevent deportation. Haller v. Esperdy (C.A.2) 397 F.2d 211, 214, n. 6; Sawkow v. Immigration and Naturalization Service (C.A.3) 314 F.2d 34.

 It is therefore apparent that the "motion" herein is in reality a petition for writ of *coram nobis,* attacking the conviction underlying a sentence already completely served by petitioner. Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554; United States ex rel. Piperkoff v. Esperdy, *supra,* 267 F. 2d at 75; United States v. Carlino (C. A.2) 400 F.2d 56, 57, and cases therein cited; Kelly v. United States (S.D.N.Y.) 299 F.Supp. 1367, and cases therein cited.[2] The clerk will therefore be directed to refile the motion to correct sentence under Rule 35, F.R.Crim.P., as a petition for writ of *coram nobis,* assigning it a civil action number independent of the criminal action in which the sentence was imposed. The petition should be assigned to Division 3 of this District. To save time and unproductive effort, petitioner will be granted leave to proceed in forma pauperis.

It is therefore

Ordered that petitioner be, and he is hereby, granted leave to file a petition for writ of *coram nobis* in forma pauperis.

1. Under applicable principles including those enunciated in United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248.