Emilio Elisandro **YBARRA**, Petitioner-Appellant,

v.

**UNITED STATES** of America, Respondent-Appellee.

No. 26591.

United States Court of Appeals, Ninth Circuit.

June 14, 1972.

---

1. Pilapil v. Immigration and Naturalization Serv., 424 F.2d 6 (10th Cir. 1970), cert. denied, 400 U.S. 908, 91 S.Ct. 152, 27 L.Ed.2d 147.

2. 8 U.S.C. § 1254(e).

Charles M. Sevilla (argued), J. Frank McCabe, of Federal Defenders, Inc., San Diego, Cal., for petitioner-appellant.

Douglas G. Hendricks, Asst. U. S. Atty. (argued), Robert H. Filsinger, Asst. U. S. Atty., Harry D. Steward, U. S. Atty., San Diego, Cal., for respondent-appellee.

Before DUNIWAY and CHOY, Circuit Judges, and WHELAN, District Judge.*

WHELAN, District Judge:

Appellant appeals from the order of the District Court denying him a Writ of Error Coram Nobis and dismissing his action. This Court has jurisdiction under 28 U.S.C. §§ 1291 and 1294(1).

* Honorable Francis C. Whelan, United States District Judge, Central District of California, sitting by designation.

Appellant moved in the District Court to vacate the sentence imposed on him on December 7, 1944, after his plea of guilty to an indictment charging violation of 21 U.S.C. § 174 on that date in the District Court. His sentence of three years having long since been served, relief under 28 U.S.C. § 2255 as requested by him in his petition does not lie. He is entitled to relief only if he is entitled to a Writ of Error Coram Nobis under 28 U.S.C. § 1651(a). The asserted prejudice he claimed below he suffered as a result of the sentence of December 7, 1944, was that subsequently he was sentenced as a recidivist in the California state court and was at that time serving such sentence. However, at oral argument before this Court his counsel stated that the recidivist sentence had been vacated and appellant has now been sentenced by the California court solely under the penalty provisions of the statute, the violation of which he had been convicted in the state court, so that he now suffers no prejudice from the state sentence because of the December 7, 1944 conviction.

There are two questions on appeal. The first is whether the questions presented by appellant are moot; the second is whether the District Court erred in not granting an evidentiary hearing on the question of the voluntariness of appellant's guilty plea.

Appellant on appeal does not advance other contentions made in the District Court with respect to claimed illegal search and seizure and violation of Fifth Amendment rights at the time of his arrest. Such contentions properly have not been advanced for the reason that a voluntary plea of guilty waives all non-jurisdictional defenses. Thomas v. United States, 290 F.2d 696 (9th Cir. 1961), cert. denied 368 U.S. 964, 82 S.Ct. 446, 7 L.Ed.2d 401 (1962); Wallace v. Heinze, 351 F.2d 39 (9th Cir. 1965), cert. denied 384 U.S. 954, 86 S.Ct. 1574, 16 L.Ed.2d 550 (1966).

We first discuss the question as to whether or not the District Court erred in failing to grant an evidentiary hearing on the question of voluntariness of the plea. We hold that the District Court did not err for the following reasons.

The record of the sentencing court clearly establishes that appellant was asked whether he desired counsel assigned by the court without cost to him and that appellant stated that he did not desire counsel and stated that he desired to proceed without counsel. At no time does he claim that the record is in error. In determining whether there was an intelligent waiver of the right to counsel, particular facts and circumstances surrounding the case including the background, experience and conduct of the accused may be considered. Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461. The appellant prior to December 7, 1944, had been convicted of three felonies in Arizona, Michigan and California state courts and of three felonies in the United States District Court. Sentence on the latter three felonies was imposed on December 18, 1941; they involved narcotic violations of the same type as that of which he was convicted on December 7, 1944. Upon the 1941 convictions he was sentenced to the U. S. Narcotic Hospital, and according to his sworn statement herein appellant served two and one-half years upon such sentence and was then released in April of 1944. He was familiar with the fact that he had a right to counsel and he deliberately waived his right to counsel on December 7, 1944, because he intended to plead guilty; these facts are reasonably inferred from his sworn answer to Interrogatory No. 8(d) wherein he states "This court must note that I have pleaded guilty in all my prior convictions except the first one as of November 30, 1921." Further, in response to the interrogatory which asked if he had ever been advised in connection with any of his prior criminal proceedings that he had the right to an attorney and that if he did not have sufficient funds to employ an attorney the court would appoint an attorney for him, he stated "My reason (for not having an

attorney in his cases other than the first one) was that I was under the belief that when an accused plead guilty that the appointment of counsel was not necessary. Then too I have always been without funds to hire counsel." In the case with which we are concerned, he was advised that he would be assigned counsel without cost to himself. His voluntary waiver of counsel is further indicated by the statement on page 9 of his traverse wherein he states "The fact that accused may tell the judge (as at bar) that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. . . ."

It seems that appellant's claim of a non-voluntary plea is based upon non-retroactive decisions occurring long after 1944. Thus, at page 3 of his petition he states that the records do not show that appellant was advised of his inherent right to a jury trial. Again in his argument in support of his traverse he states that the record does not show that appellant was "constitutionally advised of his right to the privilege against self-incrimination." Thus it appears that appellant below labored under the mistaken impression that the rule of McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), should apply to the taking of his plea in 1944. His counsel on appeal concedes that federal courts were required to make less of an inquiry prior to McCarthy v. United States, *supra*, but counsel argues that there is no evidence that the court here met the pre-*McCarthy* standards of inquiry.

■■ Counsel for appellant is in error in his contention. Rule 11 in 1944 merely required that the trial court not accept a plea unless the plea was voluntarily made with understanding of the nature of the charge. In this case the record establishes that the sentencing court, after being told by appellant that appellant did not want a lawyer assigned to him without cost and that appellant desired to proceed without counsel, and after appellant pleaded guilty, did ques-

tion appellant before sentencing him. There is a presumption of regularity when a criminal judgment is assailed in a Coram Nobis proceeding. As the Supreme Court has stated, "The absence of a showing of waiver from the record does not of itself invalidate the judgment. It is presumed the proceedings were correct and the burden rests on the accused to show otherwise." United States v. Morgan, 346 U.S. 502, 512, 74 S.Ct. 247, 253, 98 L.Ed. 248 (1954).

■ It is thus presumed that questions put to appellant by the sentencing judge prior to sentence concerned themselves with appellant's knowledge and understanding of the nature of the charge and the consequences of his plea of guilty.

■ There was no requirement at the time of the plea in question that there be an entry of a formal finding or recitation to the effect that the plea is made voluntarily with understanding of the nature of the charge. It was, at the time of appellant's sentence, implicit in the act of the court in accepting a plea of guilty that the required determination had been made. Munich v. United States, 337 F.2d 356, 359–360 (9th Cir. 1964).

■ The rule of this Circuit is that the vacation of a judgment for failure of the court to make a determination on the record that a guilty plea was voluntarily made is not applicable to cases wherein the plea was made prior to November 2, 1965. See Gomez v. United States, 396 F.2d 323, 326 (9th Cir. 1968), citing Castro v. United States, 396 F.2d 345 (9th Cir. 1968), wherein our Court sitting en banc ruled that the failure of the record of the plea proceedings to establish that the accused correctly understood the consequences of his plea would not be ground for the setting aside of the plea of guilty where such plea occurred before November 2, 1965.

Moreover, it appears from appellant's own statements that an evidentiary hearing would not serve to elicit further

the circumstances surrounding appellant's plea. Appellant by his own sworn statements in his petition and sworn responses to interrogatories posed to him, particularly in his response to Interrogatory No. 10, states "I actually don't recall much of anything that occurred in court on the date I entered my plea of guilty." Also, his response to Interrogatory No. 9, while it is inconclusive, states in answer to the question as to who gave him information as to the maximum sentence which could be imposed and at what time such information was given, "As so stated above, the judge; with regard to the time I can only assume, it was during the sentencing proceeding. As my mind is hazy, and I don't recall much, if anything."

While it is true that he alleges in his petition that at the time of his plea his mind was yet hazy and he was still suffering from drug addiction withdrawal symptoms, he does not state that he did not at the time of his plea understand the nature of the proceedings or that he did not understand what he was doing when he waived counsel or that he did not understand what he was doing when he pleaded guilty. Another Circuit has in effect taken judicial notice of the fact that narcotics withdrawal symptoms don't affect competency five days after the last taking of narcotics. Edwards v. United States, 103 U.S.App.D.C. 152, 256 F.2d 707, 710 (1958). Therein that court, speaking through Judge (now Chief Justice) Burger, held the plea of guilty voluntary despite the accused's claim that he was incompetent at the time of arraignment because he was then suffering from withdrawal symptoms. In footnote 2 at page 708 of the cited case it is stated that there was an interval of five days from the date of arrest to arraignment; the court in the cited case goes on to state, "Thus we can assume there were no narcotics withdrawal symptoms at the time of arraignment and we do not consider the matter further." In the case here involved, appellant was arrested 20 days before his plea and of course he does not assert

any incompetency at the time he entered his plea.

From all of the record it appears that appellant does not make any factual allegation that he was not advised of the nature of the charge or that he did not understand the nature of the charge or the consequences of his plea of guilty. As far as his understanding of the nature of the charge is concerned, he had just served two and one-half years in the Federal Narcotics Hospital and his petition and the entire record disclose that he knew that he was arrested in December 1944 on the same charge involved in the 1941 convictions. Where he does not set forth any facts to show that he was not properly advised concerning the crime and its consequences, then the presumption that he was properly advised is sufficient to support his conviction where he has, as here, voluntarily and understandingly waived counsel.

With respect to the question of mootness, it would seem that there are now no circumstances which compel the granting of Coram Nobis relief even if appellant could otherwise successfully attack the sentence which he has long since served. Coram Nobis relief should be allowed only under circumstances compelling such action to achieve justice. United States v. Morgan, 346 U.S. 502, 511, 74 S.Ct. 247, 98 L.Ed. 248 (1954). He is not serving a sentence which has been increased because of the conviction assailed herein. He has now been convicted of eight felonies other than the one here assailed. However, we need not decide whether the case is moot because we find that appellant cannot succeed on the merits. We thus need not consider whether Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968), is distinguishable.

The denial of an evidentiary hearing was proper in this case. Even in considering relief under 28 U.S.C. § 2255, District Courts are not stripped of all discretion to exercise their common sense. Machibroda v. United States, 368

U.S. 487, 495, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). Nothing here could be gained by granting an evidentiary hearing [1] and the record under the law applicable at the time of the taking of the plea supports the decision of the District Court that the plea was freely and voluntarily made.

The judgment is affirmed.

1. Appellant by his sworn statements shows that he cannot dispute the record and the presumption of regularity. The court reporter's notes have long since been destroyed; the sentencing judge is dead; and there is no other evidence to dispute the record and the presumption of regularity.