Angelo **BRUNO**, Plaintiff-Appellant,

v.

**UNITED STATES** of America, Defendant-Appellee.

No. 72–1543.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 16, 1973.

Decided March 12, 1973.

---

Kenneth K. Simons, Kansas City, Mo., for plaintiff-appellant.

J. Whitfield Moody, Asst. U. S. Atty., Kansas City, Mo., for defendant-appellee.

Before HEANEY and ROSS, Circuit Judges, and BENSON, Chief District Judge.

PER CURIAM.

On October 16, 1934, the appellant, Angelo Bruno, an alien, pleaded guilty in the Western District of Missouri to an indictment charging him with narcotic trafficking. The resulting sentence made no recommendation on the matter of deportation, a collateral consequence of conviction. In 1956, Bruno was deported pursuant to 8 U.S.C. § 1251. Subsequently, he was convicted of unlawful entrance. United States v. Bruno, 328 F.Supp. 815 (W.D.Mo.1971). Just prior to that decision, Bruno filed a petition for relief under Rule 35, attacking the deportation order arising out of the 1934 conviction. The district court determined that Rule 35 was not appropriate to the relief sought, and treated the motion as a petition for writ of coram nobis, 336 F.Supp. 204.

As grounds for his motion, the appellant alleged that at the time of sentencing, he was not represented by competent counsel, and was not advised of the consequences of a guilty plea. Appellant contended he was represented by one Joseph Cartella, a nonlawyer. The district court, after a thorough review of the evidence, found the claim to be without merit and accordingly denied the petition.

On appeal, Bruno raises the sole issue of whether the district court erred in its finding that appellant's allegation of denial of effective counsel was without substance.

The district court found that one Joseph Miniace, an attorney, had in fact represented Bruno before the United States Commissioner, and further, based on a preponderance of the credible testimony, that Bruno was offered counsel and was in fact represented by counsel in his 1934 guilty plea.

Due to the passage of years, memories fail and witnesses become sparse, making a complete reconstruction of the

1934 proceedings impossible. The district court's examination of the evidence in the form of testimony and transcripts, however, led it to the conclusion that the proceedings giving rise to appellant's conviction were conducted with adherence to all of the then required procedures. Judge Blair, who was an Assistant United States Attorney in 1934, and who made many appearances before Judge Albert L. Reeves (the judge who accepted appellant's plea), testified that Judge Reeves "invariably" made sure that an accused was given appointed counsel prior to accepting a guilty plea, "no one who wanted a lawyer was denied one". It is clear from the record that some person appeared with appellant on appellant's 1934, October 16, 18 and 24 court appearances relating to the sentencing, but the name of that person was not shown on the docket sheets. Judge Blair related that Judge Reeves knew the members of the local bar, and would never, under any circumstances, have permitted a nonlawyer to appear as counsel for an accused.

■ Only when the record discloses errors of fact of such fundamental nature as to render the proceeding itself irregular and invalid or to compel action to achieve justice, will coram nobis relief be granted. Ybarra v. United States, 461 F.2d 1195 (9 Cir., 1972); United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954). The district court, in passing upon the motion for coram nobis, has the right to reject those portions which he does not believe to be true, and his findings will not be reversed where there is any competent evidence in the record, together with reasonable inferences and deductions to be drawn therefrom supporting the findings. 18 Am.Jur.2d Coram Nobis § 7. Further in this regard, the *Ybarra* Court, *supra*, said that there is a presumption of regularity when a criminal judgment is assailed in a coram nobis proceeding.

■ The evidence supports the district court's finding on the issues presented and the court did not err in denying the petition for writ of coram nobis.

The judgment of the district court is affirmed.