Mohammed Ibrahim **KANDIEL** a/k/a
**Jeff Soun Howard, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 91–1998.

United States Court of Appeals,
Eighth Circuit.

Submitted May 12, 1992.

Decided May 18, 1992.

Douglas Peine, St. Paul, Minn., for appellant.

Joseph T. Walbran, Minneapolis, Minn., argued (Nathan Ratcliff, on brief), for appellee.

Before FAGG, BEAM, and HANSEN, Circuit Judges.

PER CURIAM.

On August 30, 1990, Mohammed Ibrahim Kandiel, filed a motion pursuant to 28 U.S.C. § 2255 (1988) to vacate, set aside, or correct a sentence of 42 months' imprisonment that he received on August 27, 1987, for numerous convictions. The district court denied Kandiel's section 2255 motion and Kandiel appeals. We affirm the district court's denial of post-conviction relief.

I. BACKGROUND

Kandiel was convicted of thirteen counts of various firearms offenses in violation of 18 U.S.C. § 922(g)(5); 18 U.S.C.App. § 1202(a)(5); 26 U.S.C. §§ 5861, 5871; making false statements in applications for passports in violation of 18 U.S.C. § 1542; making a false representation of citizenship in enlisting in the United States Army Reserve in violation of 18 U.S.C. § 911; and making false statements in applications for federal firearms dealer and import licenses in violation of 18 U.S.C. § 924(a). Kandiel's convictions were affirmed on direct appeal. *See United States v. Kandiel,* 865 F.2d 967 (8th Cir.1989). At the time Kandiel filed his section 2255 motion, his sentence for these convictions had fully expired. He is currently being held by the Immigration and Naturalization Service (INS) pending deportation based on his con-

victions. *See* 8 U.S.C.A. § 1251 (West Supp.1992).

In his section 2255 motion, Kandiel essentially claimed that he was Jeff Soun Howard, a United States citizen, not Mohammed Ibrahim Kandiel, an Egyptian national. Kandiel asserted four grounds of relief, all based on new evidence: (1) the prosecution failed to disclose evidence in its possession showing that the movant was not an Egyptian national; (2) the government's "star witness," Ahmed Kamal Ibrahim Ali Kandiel, has recanted his testimony because the government failed to fulfill an agreement with him; (3) the death certificate of Mohammed Ibrahim Kandiel shows he died on August 14, 1984, and thus, the movant could not possibly be he; (4) without the testimony of Ahmed Kandiel, the government's remaining evidence against the movant was insufficient to prove his alienage. The district court, however, held that Kandiel's detention by the INS did not constitute "custody" for purposes of section 2255 and, therefore, denied his motion without addressing the merits.

## II. DISCUSSION

Kandiel initially claims that the district court erred in ruling that he was not in custody for purposes of section 2255. The Supreme Court, however, has held that a movant is not in custody under a conviction for the purpose of habeas corpus attack where the sentence imposed for the conviction has fully expired. *Maleng v. Cook*, 490 U.S. 488, 490–91, 109 S.Ct. 1923, 1925–26, 104 L.Ed.2d 540 (1989). The *Maleng* Court further held that adverse collateral consequences of a conviction, such as enhancement of a sentence for a subsequent conviction, are not sufficient to render an individual in custody. *Id.* at 492, 109 S.Ct. at 1926. Although *Maleng* involved a request for habeas corpus relief under section 2254, its analysis applies to section 2255 as well. *See Heflin v. United States*, 358 U.S. 415, 421, 79 S.Ct. 451, 454–55, 3 L.Ed.2d 407 (1959).

■ This court has already indicated that subsequent deportation proceedings are merely a collateral consequence of a conviction. *See Bruno v. United States*, 474 F.2d 1261, 1262 (8th Cir.1973) (per curiam) (dictum). This view is consistent with the weight of authority on the issue. *See United States v. Montoya*, 891 F.2d 1273, 1293 (7th Cir.1989); *United States v. Romero–Vilca*, 850 F.2d 177, 179 (3d Cir. 1988); *Fruchtman v. Kenton*, 531 F.2d 946, 949 (9th Cir.), *cert. denied*, 429 U.S. 895, 97 S.Ct. 256, 50 L.Ed.2d 178 (1976); *United States v. Santelises*, 509 F.2d 703, 704 (2d Cir.1975) (per curiam). Because Kandiel's sentence was fully expired by the time he filed his section 2255 motion and the current deportation proceedings against him are merely a collateral consequence of his conviction, he is not "in custody" for the purposes of section 2255.

■ Kandiel next argues that if relief under section 2255 was not available to him, the district court should have treated his motion as one for the writ of error *coram nobis* and granted him relief. *See* 28 U.S.C. § 1651 (1988); *United States v. Morgan*, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954). We agree to the extent that the district court should have considered whether *coram nobis* relief was proper. *See United States v. Little*, 608 F.2d 296, 299 (8th Cir.1979) (treating petition for *coram nobis* as petition for relief under section 2255), *cert. denied*, 444 U.S. 1089, 100 S.Ct. 1053, 62 L.Ed.2d 777 (1980); *cf. United States v. Nagaro–Garbin*, 653 F.Supp. 586, 588–89 (E.D. Mich.) (treating section 2255 motion by INS detainee whose sentence had expired as motion for *coram nobis*), *aff'd*, 831 F.2d 296 (6th Cir.1987). Any error by the district court, however, was harmless.

In *United States v. Morgan*, the Supreme Court emphasized that federal courts should review judgments through the "extraordinary remedy [of *coram nobis*] only under circumstances compelling such action to achieve justice" and to correct errors "'of the most fundamental character.'" *Morgan*, 346 U.S. at 511, 512, 74 S.Ct. at 252–53, 253 (quoting *United States v. Mayer*, 235 U.S. 55, 69, 35 S.Ct. 16, 19–20, 59 L.Ed. 129 (1914)). Based on *Morgan*, the Eighth Circuit has required

movants to show a compelling basis for *coram nobis* relief. *See, e.g., Bruno,* 474 F.2d at 1263; *McFadden v. United States,* 439 F.2d 285, 287 (8th Cir.1971).[1] In *McFadden,* we emphasized that the movant must articulate the fundamental errors and compelling circumstances for relief in the application for *coram nobis.*

 We do not believe that Kandiel has sufficiently articulated fundamental errors or compelling circumstances to justify *coram nobis* relief. As to his first claim of error, Kandiel does not identify the nature of the exculpatory evidence, nor does he assert that the evidence constitutes positive proof of his United States citizenship. Kandiel's second claim also fails to state a fundamental error. This court views recanted testimony with considerable skepticism. *E.g., Hall v. Lockhart,* 806 F.2d 165, 168 (8th Cir.1986); *Lindhorst v. United States,* 658 F.2d 598, 602 n. 5 (8th Cir.1981), *cert. denied,* 454 U.S. 1153, 102 S.Ct. 1024, 71 L.Ed.2d 309 (1982). Moreover, Kandiel has failed to support this purely conclusory claim with an affidavit from the witness. Relief, therefore, is not proper. *See Little,* 608 F.2d at 300 (denying section 2255 motion on similar basis). Kandiel's third claim also is insufficient because even if authentic, the death certificate merely proves that a person named "Mohammed Ibrahim Kandiel" died in 1984. It does not demonstrate that Kandiel is a United States citizen. Finally, Kandiel's fourth claim fails to state a fundamental error because it rests directly on his insufficient second claim. Consequently, Kandiel has failed to show that *coram nobis* relief is required to achieve justice.

## III. CONCLUSION

Because Kandiel has failed to articulate fundamental errors and compelling circumstances justifying *coram nobis* relief, we affirm the district court's denial of post-conviction relief.

---

1. The government contends that *coram nobis* relief is not available for claims based on newly discovered evidence and cites *United States v. Mayer,* 235 U.S. 55, 69, 35 S.Ct. 16, 19–20, 59 L.Ed. 129 (1914). Appellee's Brief at 7. *Mayer,* however, predates *Morgan,* which defined the modern scope of the writ in federal court.

Moreover, this court has indicated that *coram nobis* is available to challenge a conviction on such grounds. *See Azzone v. United States,* 341 F.2d 417, 419 (8th Cir.) (per curiam), *cert. denied,* 381 U.S. 943, 85 S.Ct. 1782, 14 L.Ed.2d 706 (1965) *and* 390 U.S. 970, 88 S.Ct. 1090, 19 L.Ed.2d 1180 (1968).