**Michael Howard HUNTER, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. A1–04–008.**

United States District Court, D. North Dakota, Southwestern Division.

May 12, 2004.

Michael Howard Hunter, Seattle, WA, pro se.

Clare R. Hochhalter, U.S. Attorney's Office, Bismarck, ND, for respondent.

**ORDER DENYING PLAINTIFF'S PETITION AND AMENDED PETITION FOR A WRIT OF ERROR CORAM NOBIS**

HOVLAND, Chief Judge.

Before the Court is plaintiff Michael Howard Hunter's pro se petition for a writ of error coram nobis under 28 U.S.C. § 1651(a). In his petition, Hunter alleges his federal convictions in 1980 and 1984 for interstate transportation of stolen bank checks in violations of 18 U.S.C. § 2314 were improperly obtained and should be vacated.

 "A writ of error coram nobis is an 'extraordinary remedy'" which should only be granted " 'under circumstances compelling such action to achieve justice' and to correct errors 'of the most fundamental character.' " *United States v. Camacho–Bordes*, 94 F.3d 1168, 1173 (8th Cir.1996) (quoting *United States v. Morgan*, 346 U.S. 502, 511–12, 74 S.Ct. 247, 98 L.Ed. 248 (1954)). There is a presumption the criminal proceedings were proper and the burden is on a petitioner to show there was a fundamental error warranting relief. *Morgan*, 346 U.S. 502, 512, 74 S.Ct. 247, 98 L.Ed. 248; *Willis v. United States*, 654 F.2d 23, 24 (8th Cir.1981); *Bruno v. United States*, 474 F.2d 1261, 1263 (8th Cir. 1973). In order to obtain coram nobis relief, a person " 'must articulate the fundamental errors and compelling circumstances.' " *Morgan*, 346 U.S. at 512, 74 S.Ct. 247 (quoting *Kandiel v. United States*, 964 F.2d 794, 797 (8th Cir.1992)). The Eighth Circuit has also stated that a person seeking coram nobis relief must demonstrate that he presently suffers adverse legal consequences which stem from the conviction he is challenging. *See Stewart v. United States*, 446 F.2d 42, 43–44 (8th Cir.1971); *see also, United States v. Mandanici*, 205 F.3d 519, 524 (2nd Cir. 2000); *Hager v. United States*, 993 F.2d 4, (1st Cir.1993); *Howard v. United States*, 962 F.2d 651 (7th Cir.1992); *United States v. Drobny*, 955 F.2d 990 (5th Cir.1992); *United States v. Stoneman*, 870 F.2d 102 (3d Cir.1989); *Rodgers v. Wyrick*, 621 F.2d 921 (8th Cir.1980).

 The Court finds that Hunter is unable to demonstrate that he presently suffers adverse legal consequences which stem from his 1980 and 1984 convictions. Since 1984, Hunter has been convicted of the following crimes:

1) 1988 federal convictions in the Western District of Washington for (1) Threatening the Life of the President, and (2) Written Threats to Assault Federal Judges;

2) 1993 federal convictions in North Dakota for Theft by Deception of over $500;

3) 1993 federal conviction in the Western District of Washington for threatening federal officials;

4) 1994 federal conviction in the Western District of Washington for bank robbery; and

5) 2002 federal convictions in North Dakota for bank robbery.

Whatever perceived or real limitations Hunter's criminal record poses for him cannot be linked solely to his 1980 and 1984 convictions.

Accordingly, the Court finds coram nobis relief is not warranted in this case. Hunter is unable to show that he presently suffers adverse legal consequences which stem from his 1980 and 1984 convictions. The Court orders Hunter's petition and amended petition for a writ of error coram nobis be **DISMISSED**. (Docket Nos. 7 & 15). Let judgment be entered accordingly.

**IT IS SO ORDERED.**