[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 13, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-11506
Non-Argument Calendar

_____

D. C. Docket No. 05-60223-CV-AJ

RODRIGUE BIROTTE,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,
BILL MCCOLLUM,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 4, 2007)

Before TJOFLAT, HULL and FAY, Circuit Judges.

PER CURIAM:

Rodrigue Birotte, a Florida prisoner, proceeding pro se, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition for lack of jurisdiction. Birotte filed the instant § 2254 petition, attacking his February 2, 2001, Florida conviction for carrying a concealed firearm, which resulted in 30 months' imprisonment. The district court dismissed Birotte's § 2254 petition for lack of jurisdiction because Birotte was not "in custody" with respect to the conviction he was attacking, as he had already served his 30-month sentence and was incarcerated for an unrelated conviction. We granted a Certificate of Appealability on the following issue only:

> Whether a removal order, based on a sentence that has expired, is a "collateral consequence" of the conviction that satisfies the "in custody" requirement of § 2254(a) under Maleng v. Cook, 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989)

On appeal, Birotte argues that the district court erred by denying him relief without addressing the merits of his § 2254 petition. Birotte argues that he meets the "in custody" requirement under § 2254(a) because he is in custody pursuant to another conviction that is directly related to the conviction that his § 2254 petition attacks. He contends also that the "in custody" requirement of § 2254 does not condition habeas jurisdiction on actual physical confinement or restraint, but rather refers to various restraints on liberty that are not shared with the public at large. Birotte argues that, as such, he can still be "in custody" for habeas jurisdiction purposes even though he has finished serving his sentence for the conviction under

2

attack at the time that his § 2254 petition was filed. In addition, Birotte argues that he has met the "in custody" requirement, despite his expired sentence, because he is suffering from collateral consequences of his conviction for carrying a concealed firearm. Specifically, Birotte claims that: (1) the conviction affected the sentence he is currently serving for cocaine trafficking; (2) his right to vote, hold public office, and serve on a jury have been taken away; (3) his license to operate an import/export business will be revoked; (4) upon completion of his instant sentence, he will be removed from, and barred from returning to, the United States; and (5) his reputation is damaged, such that he will have difficulty entering any other country. He concludes that his removal, and all the other consequences combined, would result in a deprivation of liberty and amount to extra punishment that is not allowed under the Constitution.

When reviewing the denial of a § 2254 petition, we review questions of law and mixed questions of law and fact de novo, and findings of fact for clear error. Nyland v. Moore, 216 F.3d 1264, 1266 (11th Cir. 2000).

Section 2254(a) of Title 28 states, in relevant part:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a)(emphasis added); see also 18 U.S.C. § 2241(c)(3).

3

The Supreme Court has stated that the "in custody" requirement means "that the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng, 490 U.S. at 490-91, 109 S.Ct. at 1925. Accordingly, where a petitioner's sentence has fully expired, he does not meet the "in custody" requirement, and the mere possibility that the prior conviction will be used to enhance a sentence imposed for any subsequent crime is not enough to render him "in custody." Id. at 492, 109 S.Ct. at 1926. The Supreme Court further noted that, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Id. Such collateral consequences included the inability to vote, engage in certain business, hold public office, or serve as a juror. Id. at 491-92, 109 S.Ct. at 1925-26. The Court did acknowledge, however, that when a § 2254 petition could be construed as asserting a challenge to a present sentence that actually was enhanced by the allegedly invalid prior conviction, the prisoner is "in custody" for purposes of federal habeas jurisdiction. Id. at 493-94, 109 S.Ct. at 1926-27.

Recently, the Supreme Court, in Lackawanna County Dist. Att'y y . Coss, 532 U.S. 394, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001), held that:

> once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies

4

> while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

Id. at 403-04, 121 S.Ct. at 1574 (citation omitted). A prisoner, however, may challenge a prior conviction when: (1) counsel is not appointed, in violation of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); or (2) no channel of review was available with respect to the prior conviction, through no fault of the petitioner. Id. at 404-05, 121 S.Ct. 1567. The Court based its decision on (1) the concern that a district court evaluating a § 2254 petition was unlikely to have the documents necessary to evaluate claims arising from prior proceedings, and (2) the interest of obtaining finality of judgments. Id. at 402-03, 121 S.Ct. at 1573-74. Neither situation appears to exist here.

Here, we granted a COA on the issue of "whether a removal order, based on a sentence that has expired, is a 'collateral consequence' of the conviction that satisfies the 'in custody' requirement of § 2254(a) under Maleng []." As an initial matter, Birotte concedes that the conviction and sentence he was attacking in his § 2254 petition had expired, but argues that he met the "in custody" requirement because the prior conviction affected the 15-year sentence for trafficking that he is currently serving, deprived him the right to vote and hold public office, resulted in

5

the revocation of his business license, led to his removal, and damaged his reputation. Birotte's arguments concerning the collateral consequences of his prior conviction, with the exception of his removal argument, are outside the scope of the COA and, thus, cannot be considered on review. See Murray v. United States, 145 F.3d 1249, 1250-51 (11th Cir.1998) (holding that the scope of our review is limited to the issues specified in the COA).

Maleng makes clear that the "in custody" requirement means that the petitioner must be "in custody" under the conviction or sentence under attack at the time the habeas petition is filed, and the collateral consequences of the conviction, alone, are insufficient to render the defendant "in custody" for the purposes of a habeas attack. See Maleng, 490 U.S. at 490-92, 109 S.Ct. at 1925-26. Here, Birotte concedes that his sentence for carrying a concealed firearm has expired, and thus the collateral consequence of his prior conviction – the removal order – is insufficient to render him in custody for the purposes of § 2254(a). Further, as Lackawanna makes clear, because Birotte's conviction has expired, it is conclusively valid and generally no longer open to attack. See Lackawanna, 532 U.S. at 403-04, 121 S.Ct. at 1574. Accordingly, because Birotte was not "in custody" at the time that he filed his § 2254 petition, and the removal order was merely a collateral consequence of the expired conviction under attack, the district

6

court properly dismissed his § 2254 petition for lack of jurisdiction. Therefore, we affirm.

**AFFIRMED**