**Pragyan MAINALI, Petitioner,**

v.

**Commonwealth of VIRGINIA, et al., Respondents.**

**Civil Action No. 1:11cv1215.**

United States District Court,
E.D. Virginia,
Alexandria Division.

June 25, 2012.

Jonathan Paul Sheldon Sheldon & Flood, PLC, Fairfax, VA, for Petitioner.

Josephine Whalen, Dennis Carl Barghaan, Jr., Office of the Attorney General, Richmond, Alexandria, VA for Respondent.

## *ORDER*

T.S. ELLIS, III, District Judge.

In this counseled petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, petitioner, a legal permanent resident and citizen of Nepal, seeks relief from a 2008 state conviction for attempted sexual battery, in violation of Va.Code § 18.2–67.5(c). The record reflects that petitioner pled guilty and thus was convicted of this charge in Prince William County Circuit Court on September 18, 2008. On the same date, petitioner was sentenced to eleven months imprisonment, with all eleven months suspended, and one year of supervised probation. Petitioner's one-year term of supervised probation commenced immediately on the date of sentencing and thereafter proceeded, presumably without incident, until its expiration in September 2009.

As it happens, petitioner's conviction for attempted sexual battery rendered him removable from the United States pursuant to the Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq.* Removal proceedings were therefore initiated against petitioner by the Department of Homeland Security on March 4, 2010, approximately six months after his term of supervised probation expired on the state conviction now under attack. It appears from the record that petitioner is not currently being held in immigration custody, but instead remains released on bond pending a final removal determination by the Immigration Court.

It is undisputed that petitioner does not herein seek review of the ongoing removal proceedings pending against him in Immigration Court. Rather, petitioner requests in the instant habeas petition an order vacating his 2008 state conviction for attempted sexual battery, which conviction prompted initiation of the removal proceedings. In support thereof, petitioner raises a single claim, namely that he received constitutionally ineffective assistance of counsel during the course of the proceedings that resulted in the state conviction, in violation of the Sixth Amendment as elucidated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See* Pet. at 10 (expressly providing that petitioner *"has one claim:* that his Prince William County conviction . . . was obtained in violation of his rights under the Sixth Amendment to the United States Constitution") (emphasis added). In this regard, petitioner claims that his state court attorney failed to advise him generally of the potential immigration consequences of pleading guilty to a criminal charge, and specifically that his guilty plea and resulting state conviction on the charge of attempted sexual battery could be grounds for removal from the United States. *See Padilla v. Kentucky*, 559 U.S. ——, 130 S.Ct. 1473, 1486, 176 L.Ed.2d 284 (2010) (holding essentially that "counsel must inform her client whether his plea carries a risk of deportation" in order to satisfy a defendant's Sixth Amendment right to effective assistance of counsel).

Respondents' threshold motion to dismiss raises multiple jurisdictional and procedural arguments, the first of which is dispositive here. Indeed, at the outset, respondents[1] argue that petitioner is unable to meet the jurisdictional requirements of § 2254 because the state conviction he now seeks to vacate expired in 2009, more than two years before the instant petition was filed in 2011. For the reasons that follow, respondents' motion must be granted and petitioner's request for relief pursuant to § 2254 must be dismissed for lack of jurisdiction.

■■■ Analysis of this jurisdictional question properly begins with the language of § 2254 itself, which provides, in pertinent part, that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). The Supreme Court has made unmistakably clear that a § 2254 petitioner must, at the time his or her petition is filed, be "in custody" pursuant to the contested state conviction or sentence. *Maleng v. Cook*, 490 U.S. 488, 490–91, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968)). It is equally clear that § 2254's requirement that a habeas petitioner be "in custody" pursuant to the contested state conviction raises a threshold jurisdictional question. *Id.* at 490, 109 S.Ct. 1923 (stating that "[t]he federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States'") (emphasis in original).[2]

---

1. As petitioner seeks to vacate a state conviction, the proper respondent is, of course, the Commonwealth of Virginia. Petitioner also named the Secretary of the Department of Homeland Security as a nominal respondent in this case, presumably in light of the ongoing removal proceedings in Immigration Court.

2. *See also Resendiz v. Kovensky,* 416 F.3d 952, 956 (9th Cir.2005) (noting that § 2254's " 'in

■ Of course, to meet the jurisdictional "in custody" requirement, a § 2254 petitioner need not be in actual physical custody of state authorities at the time a habeas petition is filed. Thus, it is well-settled that an ongoing term of probation or parole is a sufficient restraint on a petitioner's liberty to allow the petitioner to attack a state sentence on constitutional grounds pursuant to § 2254. *See, e.g., Jones v. Cunningham,* 371 U.S. 236, 242, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963) (holding that a prisoner who had been placed on parole was still "in custody" under an unexpired state sentence for habeas purposes because the petitioner's release from physical confinement was not unconditional and "the custody and control of the Parole Board involves significant restraints on petitioner's liberty"). But it is equally well-settled that "[o]nce the sentence imposed

for a conviction has *completely expired,* the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng,* 490 U.S. at 492, 109 S.Ct. 1923 (emphasis added).[3] And significantly, one such category of "collateral consequences" of a state conviction are those related to immigration proceedings initiated and pursued by the Department of Homeland Security, as involved in the instant case.[4]

■ Accordingly, given that immigration proceedings fall squarely within *Maleng's* definition of "collateral consequences" of a state conviction, it necessarily follows that a habeas petitioner is unable to meet the jurisdictional "in custody" requirement of § 2254 where, as here, the petitioner is involved in ongoing

custody' requirement has been interpreted to mean that federal courts lack jurisdiction over habeas corpus petitions unless the petitioner is 'under the conviction or sentence under attack at the time his petition is filed' ") (citing *Maleng,* 490 U.S. at 490–91, 109 S.Ct. 1923); *Broomes v. Ashcroft,* 358 F.3d 1251, 1254 (10th Cir.2004) (stating that "[t]he 'in custody' language of § 2254 is jurisdictional and requires habeas petitioners to be 'in custody' under the conviction or sentence under attack when they file the petition") (citing *Maleng,* 490 U.S. at 490–91, 109 S.Ct. 1923).

**3.** In this regard, although not dispositive here, it is noteworthy that a habeas petitioner does not "remain[ ] 'in custody' under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted." *Maleng,* 490 U.S. at 492, 109 S.Ct. 1923; *see also Lackawanna County District Attorney v. Coss,* 532 U.S. 394, 403–04, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001) (recognizing that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the convic-

tion may be regarded as conclusively valid ... [and] [i]f that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained").

**4.** *See, e.g., Ogunwomoju v. United States,* 512 F.3d 69, 75 (2d Cir.2008) (noting that "[r]emoval proceedings are at best a collateral consequence of conviction"); *Resendiz,* 416 F.3d at 957 (recognizing that "immigration consequences of a state conviction continue to be collateral[,] ... [as] these consequences arise from the action of an independent agency—indeed, in the case of a state conviction, an independent sovereign—and are consequences over which the state trial judge has no control whatsoever") (emphasis in original) (citation omitted); *United States v. Esogbue,* 357 F.3d 532, 534 (5th Cir.2004) (recognizing that "[a]dverse collateral consequences of a conviction do not render an individual 'in custody' ... [and] [d]eportation is such a collateral consequence") (citations omitted); *Kandiel v. United States,* 964 F.2d 794, 796 (8th Cir.1992) (stating that "[t]his court has already indicated that subsequent deportation proceedings are merely a collateral consequence of a conviction") (citations omitted).

immigration proceedings as a result of a state conviction that had already fully expired at the time the habeas petition was filed. Although the Fourth Circuit has not yet directly addressed this precise issue, the conclusion reached here is nonetheless consistent with numerous decisions from other circuits and district courts alike.[5]

Simply put, because the state conviction that petitioner now seeks to vacate expired in 2009, more than two years before the instant petition was filed in 2011, petitioner is unable to establish that he is "in custody pursuant to the judgment of a State court," as required to invoke jurisdiction under § 2254. Nor does the instant case fit within any recognized exception to this jurisdictional requirement. *See generally Lackawanna*, 532 U.S. at 404–06, 121 S.Ct. 1567. It is clear, therefore, that the matter must be dismissed for lack of jurisdiction.[6]

For these reasons, and for good cause,

It is hereby **ORDERED** that respondents' motion to dismiss is **GRANTED** and the instant § 2254 petition is accordingly **DISMISSED.**

It is further **ORDERED** that the Court expressly declines to issue a certificate of appealability in this case as petitioner has failed to make "a substantial showing of the denial of a constitutional right" with respect to his § 2254 claim. 28 U.S.C.

**5.** *See, e.g., Ogunwomoju*, 512 F.3d at 75 (holding that "one held in immigration detention is not 'in custody' for the purpose of challenging a state conviction under § 2254") (citation omitted); *Birotte v. Secretary for the Department of Corrections*, 236 Fed.Appx. 577, 579 (11th Cir.2007) (recognizing that an immigration removal order is a "collateral consequence" of a state conviction and is thus insufficient to render a petitioner "in custody" for purposes of challenging an expired state conviction under § 2254); *Resendiz*, 416 F.3d at 956–58 (rejecting petitioner's argument that the immigration consequences of a state conviction render him "in custody pursuant to the judgment of a State court" for purposes of § 2254); *Broomes*, 358 F.3d at 1254 (holding that a petitioner who was in immigration custody awaiting a final removal determination did not satisfy the "in custody" requirement for habeas review of the expired state conviction that formed the basis for the removal order, as he was no longer in custody under the conviction or sentence under attack); *Kandiel*, 964 F.2d at 796 (holding, in the analogous § 2255 context, that "[b]ecause [petitioner's] sentence was fully expired by the time he filed his section 2255 motion and the current deportation proceedings against him are merely a collateral consequence of his conviction, he is not 'in custody' for the purposes of section 2255"); *Harvey v. People of the City of New York*, 435 F.Supp.2d 175, 178 (E.D.N.Y.2006) (holding that "when a petitioner's sentence has been fully discharged, collateral immigration consequences stemming from the conviction are not sufficient to satisfy the 'in custody' requirement of Section 2254").

**6.** Given this threshold jurisdictional ruling, it is unnecessary to reach or decide the remaining issues presented in respondents' motion to dismiss, including those related to timeliness and procedural default, as well as the question whether *Padilla* applies retroactively to cases on collateral review. It is nonetheless worth noting that neither the Supreme Court nor the Fourth Circuit has directly addressed the question of *Padilla's* retroactivity, and other circuits are currently split on the issue. *See Chaidez v. United States*, 655 F.3d 684 (7th Cir.2011) (holding that *Padilla* does not apply retroactively to cases on collateral review); *United States v. Orocio*, 645 F.3d 630 (3d Cir.2011) (holding that *Padilla* does apply retroactively to cases on collateral review). The undersigned judge, however, has previously held that *Padilla* does not apply retroactively to cases on collateral review, and the Fourth Circuit has suggested the same result in dicta in an unpublished decision. *See Mendoza v. U.S.*, 774 F.Supp.2d 791, 798 (E.D.Va. 2011) (holding that "*Padilla* is not retroactive to cases on collateral review"); *United States v, Hernandez–Monreal*, 404 Fed.Appx. 714, 715 n.* (4th Cir.2010) (noting that "nothing in the *Padilla* decision indicates that it is retroactively applicable to cases on collateral review") (citation omitted).

§ 2253(c)(2), *Miller–El v. Cockrell,* 537 U.S. 322, 338, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (noting that to satisfy the requirements of § 2253(c), a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (quoting *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)).

