**Walter Washington YOUNG, Appellant,**

v.

**Donald T. VAUGHN; the Attorney General of the State of Pennsylvania; the District Attorney for Philadelphia County, Appellees.**

No. 95–1561.

United States Court of Appeals, Third Circuit.

Argued March 18, 1996.

Decided May 8, 1996.

---

Salvatore C. Adamo (argued), Phillipsburg, N.J., for appellant.

Deborah Fleischer (argued), Assistant District Attorney, Donna G. Zucker, Chief, Federal Litigation, Ronald Eisenberg, Deputy District Attorney, Law Division, Arnold H. Gordon, First Assistant District Attorney, Lynne Abraham, District Attorney, Philadelphia, PA, for appellees.

Before: BECKER, McKEE and McKAY,* Circuit Judges.

## OPINION OF THE COURT

BECKER, Circuit Judge.

Walter Washington Young appeals from the district court's order dismissing his habeas corpus petition for lack of subject matter jurisdiction under 28 U.S.C. § 2254. Section 2254 confers jurisdiction on United States district courts to entertain petitions for habeas corpus relief only from persons who are "in custody" in violation of the Constitution or laws or treaties of the United States. The Supreme Court has interpreted this statutory language as requiring that, at the time his petition is filed, the petitioner must be "in custody" pursuant to the conviction or sentence he seeks to attack. *See Carafas v. LaVallee,* 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968). Because Young's petition challenges a conviction whose sentence had expired before he filed his petition, the district court, relying on *Maleng v. Cook,* 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989), held that Young was not "in custody." However, since Young was serving another sentence when he filed his petition—a sentence that is a collateral result of his expired conviction—the district court should have construed his petition as challenging that sentence rather than his expired conviction. In so construing Young's petition, a construction in accord with *Maleng,* we hold that Young was "in custody" when he filed it, and hence that the district court had jurisdiction over Young's petition to the extent that it challenges his current sentence.

We also must address the distinct question whether, notwithstanding the district court's jurisdiction over Young's habeas challenge to his *current* sentence, Young may attack his designation.

---

* The Honorable Monroe G. McKay, Judge of the Court of Appeals for the Tenth Circuit, sitting by

*expired* conviction in the context of this habeas petition. We conclude that because Young's current sentence is a collateral result of his expired conviction, he may do so. *See Clark v. Commonwealth of Pennsylvania,* 892 F.2d 1142 (3d Cir.1989), *cert. denied sub nom. Castille v. Clark,* 496 U.S. 942, 110 S.Ct. 3229, 110 L.Ed.2d 675 (1990). In so holding, we reject the Commonwealth's argument, based on its misreading of *Custis v. United States,* —— U.S. ——, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), that a prisoner may attack a prior expired conviction that is a predicate to his current sentence only if he claims that he was denied his right to counsel in the proceedings resulting in that expired conviction. We therefore reverse the district court's order and remand for further proceedings consistent with this opinion.

## I. FACTS AND PROCEDURAL HISTORY

On October 5, 1984, Young pleaded guilty in the Philadelphia County Court of Common Pleas to burglary. On November 14, 1989, while still on probation from his burglary conviction, Young was tried and convicted of robbery and sentenced to one-and-a-half to three years imprisonment. On March 21, 1990, finding that the 1989 robbery conviction violated the terms of Young's probation, Judge Tama Myers Clark revoked Young's probation on the burglary conviction and ordered him to serve ten to twenty years imprisonment. She later vacated that sentence pending disposition of the appeal of the 1989 robbery conviction. Then, on April 21, 1994, Judge Clark imposed a sentence of five to ten years imprisonment for violation of probation, which Young is presently serving.

Having unsuccessfully challenged his 1989 conviction through direct appeal and state collateral attack,[1] Young, acting *pro se,* filed the present habeas corpus petition under § 2254 on February 23, 1995,[2] alleging inef-

fective assistance of trial and appellate counsel in connection with his 1989 conviction. Named as respondents are Donald T. Vaughn, the Attorney General of the State of Pennsylvania, and the District Attorney for Philadelphia County (collectively "the Commonwealth"). Although the petition makes no reference to the 1984 conviction, Young did explain the relationship between the two convictions and his present incarceration in his "Response to Respondent's Response to Petition for Writ of Habeas Corpus," in which he contends: "Petitioner is entitled to federal habeas corpus relied [sic] since the expired conviction and sentence provided the basis for Judge Clark's revoking petitioner's probation and imposing the sentence now being served." *Id.* at 2.

Although the district court apparently did not receive this document until after the magistrate judge filed his Report and Recommendation, the magistrate judge discovered on his own initiative that Young was incarcerated even though the 1989 sentence had expired, and addressed the possibility that the sentence Young was serving had been partly the result of the 1989 conviction. However, he concluded that "even if that sentence was used to enhance the sentence for [sic] which he is now serving, under *Maleng* petitioner would still not satisfy the 'in custody' requirement to attack that conviction." The magistrate judge therefore recommended that the petition be dismissed for lack of jurisdiction. Young filed objections to the Report and Recommendation in which he again explained the connection between the convictions and his present incarceration. However, the district court adopted the Report and Recommendation and dismissed the petition for lack of jurisdiction.

Young filed a timely notice of appeal. We granted a certificate of probable cause and appointed counsel for him. We have jurisdic-

---

1. Young did not appeal his 1984 conviction, but did appeal his 1989 conviction, alleging ineffective assistance of counsel, to the Superior Court. *Commonwealth v. Young,* 411 Pa.Super. 671, 593 A.2d 916 (1991). The Pennsylvania Supreme Court denied Young's request for discretionary review. Young then filed a petition for state collateral relief, which was denied. The Superior Court affirmed, *Commonwealth v. Young,* 435

Pa.Super. 629, 644 A.2d 811 (1993), and the Pennsylvania Supreme Court denied Young's request to file an allocatur petition *nunc pro tunc.*

2. Young originally filed this petition in May 1994 but was allowed to withdraw it to exhaust his post-conviction remedies.

tion under 28 U.S.C. § 1291. Our review of the district court's legal conclusions, including its determination of jurisdictional issues, is plenary. *See United States v. Luther,* 954 F.2d 910 (3d Cir.1992).

## II. YOUNG'S CHALLENGE TO HIS CURRENT SENTENCE

### A. *Maleng v. Cook*

■ The Commonwealth contends that under *Maleng v. Cook,* 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989), the district court lacks jurisdiction; hence, we must examine that case. Cook, the petitioner in *Maleng,* was convicted of robbery in 1958 in state court and was sentenced to twenty years imprisonment. *Id.* at 489, 109 S.Ct. at 1924. While on parole from that sentence, he was convicted of three state crimes and, in 1978, was sentenced to two life terms and one ten year term. *Id.* The 1958 conviction increased by several years the mandatory minimum term Cook was required to serve. *Id.* Cook was also convicted of a federal crime while on parole, and that sentence was to be served before the 1978 state sentences. *Id.* While in federal prison, Cook filed a habeas corpus petition attacking the 1958 conviction, claiming that it had been used illegally to enhance the 1978 state sentences. *Id.* The district court dismissed the petition for lack of jurisdiction because, having served that sentence, Cook was not "in custody" for the purposes of an attack on the 1958 sentence. *Id.* at 490, 109 S.Ct. at 1925.

The Court of Appeals reversed. It held that Cook was "in custody" under the 1958 conviction because that conviction had been used to enhance the length of his sentences for his 1978 convictions. *Cook v. Maleng,* 847 F.2d 616, 618–19 (9th Cir.1988). The Supreme Court affirmed, but differed from the Court of Appeals in its reasoning: "We think that [the Court of Appeals'] interpretation stretches the language 'in custody' too

far." *Maleng,* 490 U.S. at 491, 109 S.Ct. at 1925. The Court observed that it had "never held ... that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." *Id.* A petitioner does not remain "in custody" under a conviction, the Court held, "after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted."[3] *Id.* at 492, 109 S.Ct. at 1926.

Nevertheless, the Court did not reverse the Court of Appeals' decision because, under *Peyton v. Rowe,* 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968), Cook could be considered "in custody" for the 1978 sentences, even though he had not started serving them. The Court construed his petition, "with the deference to which *pro se* litigants are entitled," as challenging the 1978 sentences. *Id.* at 493, 109 S.Ct. at 1927. The Court expressed "no view on the extent to which the 1958 conviction itself may be subject to challenge in the attack upon the 1978 sentences which it was used to enhance." *Id.* at 494, 109 S.Ct. at 1927.

### B. Application of *Maleng* to this Case

In the present case, the district court has jurisdiction over Young's petition for the same reasons the Supreme Court found jurisdiction in *Maleng:* although the district court lacks jurisdiction over a direct challenge to Young's 1989 conviction, it should have construed Young's petition as attacking the sentence he is currently serving. *See* 490 U.S. at 493–94, 109 S.Ct. at 1926–27. While Young's petition referred only to his expired 1984 conviction, his subsequent filings provided sufficient information concerning both his 1984 and 1989 convictions and their relationship to his present sentence to support such a construction.[4] Moreover, the purpose

---

**3.** It apparently made no difference to the Court that the 1958 conviction actually enhanced Cook's sentence for his subsequent conviction. *Id.*

**4.** The Commonwealth argues that, because Young did not fully apprise the court of the

relationship between his 1989 conviction and his present custody until after the Report and Recommendation was filed, Young effectively waived such a claim. This argument has no merit. As noted above, the various documents that Young filed after the magistrate judge filed his Report and Recommendation explain the relationship

of Young's petition is presumably to terminate the sentence he is presently serving.

It is true that the circumstances of Young's incarceration do not follow the usual *Maleng* pattern of conviction A, whose sentence has been served, followed by conviction B, whose sentence is enhanced because of conviction A. *See* 490 U.S. at 489, 109 S.Ct. at 1924; *see also White v. Butterworth*, 70 F.3d 573, 574 (11th Cir.1995); *Tredway v. Farley*, 35 F.3d 288, 292 (7th Cir.1994), *cert. denied*, ── U.S. ──, 115 S.Ct. 941, 130 L.Ed.2d 885 (1995); *Collins v. Hesse*, 957 F.2d 746, 747 (10th Cir.1992); *Feldman v. Perrill*, 902 F.2d 1445 (9th Cir.1990). However, as the Commonwealth concedes, the differences do not render *Maleng* inapplicable. Young is presently serving a sentence which he plainly seeks to terminate and under which he is currently "in custody." Thus, we hold that Young's petition should have been construed as challenging his current sentence, that he is "in custody" under that sentence, and that the district court has jurisdiction over Young's petition. *See Brock v. Weston*, 31 F.3d 887 (9th Cir.1994) (construing petitioner's attack on expired conviction allegedly used as a predicate for his confinement under the Washington Sexually Violent Predators Act as an attack on that confinement).

### III. YOUNG'S CHALLENGE TO HIS PAST CONVICTION

#### A. *Custis* and *Clark*

■ To find that the district court had jurisdiction over Young's petition under *Maleng* is not also to say that Young may challenge his expired 1989 conviction in an attack on his current sentence. That is a question

expressly left unanswered in *Maleng*, 490 U.S. at 494, 109 S.Ct. at 1927. The Commonwealth contends that in *Custis v. United States*, ── U.S. ──, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), the Supreme Court answered this question in the negative, holding that a prisoner may not attack a prior expired conviction used to enhance his current sentence unless he claims that he was denied his right to counsel under *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), in the proceedings resulting in that expired conviction. According to the Commonwealth, *Custis* bars Young from challenging his 1989 conviction because he merely alleges ineffective assistance of counsel rather than denial of his right to counsel under *Gideon*. *See Custis*, ── U.S. at ──, 114 S.Ct. at 1738. Therefore, under the Commonwealth's argument, not only did the district court not err in failing to construe Young's petition as attacking his current sentence, it should have dismissed the petition even if it had found jurisdiction.

If the Commonwealth is correct, *Custis* effectively overrules *Clark v. Pennsylvania*, 892 F.2d 1142 (3d Cir.1989), *cert. denied sub nom. Castille v. Clark*, 496 U.S. 942, 110 S.Ct. 3229, 110 L.Ed.2d 675 (1990), a case curiously cited by neither party but in which we answered the question left open in *Maleng*. We held there that, although the district court lacked jurisdiction over Clark's petitions attacking two convictions whose sentences had expired, we could review those sentences because of their collateral enhancement of the sentence that Clark was still serving. *Id.* at 1143 n. 2 & 1145.[5]

---

between his sentences and convictions. Not only should a "habeas petition [be] construed with the deference to which *pro se* litigants are entitled," *Maleng*, 490 U.S. at 493, 109 S.Ct. at 1926–27, but Fed.R.Civ.P. 15(a) states that "leave shall be freely given when justice so requires" to a party seeking to amend his pleadings. The Commonwealth made no waiver argument in response to Young's objections to the Report and Recommendation and has cited nothing to support its implied contention that a petitioner may not seek to amend his petition after the Report and Recommendation has been filed. Since the district court must review a Report and Recommendation *de novo* if the petitioner files objections to it, 28 U.S.C. § 636(b)(1), it is immaterial whether

the *magistrate judge* was in a position to construe the petition as attacking the 1984 conviction. Besides, as noted above, the magistrate judge effectively addressed the argument Young raised in his objections to the Report and Recommendation, albeit hypothetically, finding that even if the sentence Young was serving had been enhanced as a result of the 1989 conviction, he was not in custody under that conviction.

5. Clark was convicted of two sexual assault charges in 1974; he completed the sentences for both crimes in 1978. In 1979, he was found guilty of rape and other offenses. In imposing the new sentence, the judge took into consideration the two 1974 convictions. Clark filed three

In support of their interpretation of *Custis*, the Commonwealth cites *Partee v. Hopkins*, 30 F.3d 1011, 1012 (8th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1135, 130 L.Ed.2d 1096 (1995), wherein the court stated that in *Custis* "the Supreme Court held that there is no federal constitutional right to collaterally attack a prior conviction used to enhance a sentence on any constitutional ground other than failure to appoint counsel for an indigent defendant." *Partee* applied this principle to a habeas corpus petitioner seeking to attack a state sentence that had been enhanced by two prior state convictions.

We are not persuaded by either *Partee* (whose entire discussion of the point is contained in two sentences) or the Commonwealth's characterization of *Custis*. In *Custis*, —— U.S. at ——, 114 S.Ct. at 1734, the Supreme Court addressed only the narrow question whether a defendant may collaterally attack prior state convictions used to enhance his sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), during sentencing proceedings under the Act. The Court held that Congress, in enacting the ACCA, did not intend to permit collateral attacks on prior convictions during sentencing proceedings under the Act. *Custis*, —— U.S. at —— –——, 114 S.Ct. at 1735–37. The Court also rejected the defendant's argument that the Constitution required such collateral attacks. *Id.* at —— –——, 114 S.Ct. at 1737–39. The Constitution, the Court said, requires only that collateral attacks based on a failure to appoint counsel in violation of *Gideon* be heard at sentencing. *Id.* Thus, " § 924(e) [did] not permit Custis to use the federal sentencing forum to gain review of his state convictions." *Id.* at ——, 114 S.Ct. at 1739.

Importantly, however, the Court's conclusions regarding the ACCA and the Constitution did not preclude Custis from challenging his prior convictions through a habeas petition. The Court noted that "Custis, who was still 'in custody' for purposes of his state convictions at the time of his federal sentencing under § 924(e), *may attack his state*

sentences in Maryland or through federal habeas review." *Id.* at ——, 114 S.Ct. at 1739 (emphasis added). If he is successful, the Court explained, he may then challenge his enhanced federal sentences. *Id.* Indeed, as noted in *Brock*, 31 F.3d at 890, "[t]he Court's constitutional holding was, as its citation to *Maleng* evidences, clearly premised on the fact that collateral attacks based on other defects may be heard on habeas review."

Even more importantly, the Court said nothing about whether a prisoner may use a federal habeas petition to attack an expired state conviction in the context of challenging his current state sentence that was enhanced or otherwise affected by the expired conviction. *Custis*, in other words, did not address the question left unanswered in *Maleng* and therefore does not affect our decision in *Clark*. Consequently, we decline to follow *Partee*'s interpretation of *Custis*, which appears to be shared by no other court of appeals, and reject the Commonwealth's argument that *Custis* bars Young from attacking his 1989 conviction. If a general principle is to be derived from *Custis*, it is the much narrower one that "federal *sentencing hearings* are not the proper forum for addressing the validity of prior convictions." *United States v. Billops*, 43 F.3d 281, 288 (7th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1389, 131 L.Ed.2d 241 (1995) (emphasis added); *see also United States v. Morning*, 64 F.3d 531, 536 (9th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 1030, 134 L.Ed.2d 108 (1996).

### B.   (Non)Application of *Custis*; Application of *Clark*

Together with *Maleng*, *Clark* controls the outcome of the present appeal. As explained above, *Maleng* requires the district court to construe Young's petition as attacking the sentence he is presently serving, thereby granting it jurisdiction over Young's petition. Under *Clark*, a federal habeas petitioner in custody under a sentence enhanced by a

---

separate petitions seeking federal habeas corpus relief from all three state convictions. The district court reviewed all of his petitions but found that they lacked merit; Clark filed a notice of

appeal. In the meantime, the Supreme Court decided *Maleng*, following which Clark conceded that the district court did not have jurisdiction to consider the merits of the 1974 convictions.

prior conviction may attack that prior conviction, even if he is no longer in custody for it. However, he may do so only in the context of a challenge to the enhanced sentence for which he is in custody. In other words, a prisoner may attack his current sentence by a habeas challenge to the constitutionality of an expired conviction if that conviction was used to enhance his current sentence.

In all important respects Young's petition falls under *Clark:* he seeks by habeas to attack a conviction whose sentence has expired but which caused the sentence he is presently serving. Thus, he may attack the expired conviction in the context of his challenge to his current sentence. As noted above, it is true that the relationship between Young's convictions and sentences is unusual. Instead of *enhancing* a subsequent sentence (as in *Maleng, Clark,* and most of the other cases cited in this opinion), Young's expired 1989 conviction constituted a parole violation in his 1984 conviction, thereby serving as a *predicate* for his present prison sentence. However, this difference only makes Young's case stronger: but for his 1989 conviction, he would not be in prison or otherwise "in custody" at all. Young's confinement is thus even more closely related to his 1989 conviction than if it were merely the result of a sentence enhanced by that conviction. As the court noted in *Brock:*

> With an enhanced sentence the prior conviction only lengthens the period of confinement; here, the prior conviction is a necessary predicate to the confinement. If anything, it is even more appropriate for a court to examine an expired conviction in the present circumstances than for it to do so in the context of an enhanced sentence.[6]

31 F.3d at 890.

To allow Young to attack his expired conviction in this manner is not unusual. Every court of appeals to confront the question allows a habeas petitioner to challenge a conviction whose sentence has expired if he is currently incarcerated as a result of that conviction, or if it was used to enhance a sentence presently being served. Most share our approach in *Clark,* interpreting *Maleng* as requiring the petitioner to do so by attacking his current sentence. *See, e.g., Tredway v. Farley,* 35 F.3d 288 (7th Cir. 1994); *Brock v. Weston,* 31 F.3d 887 (9th Cir.1994); *Collins v. Hesse,* 957 F.2d 746 (10th Cir.1992); *Crank v. Duckworth,* 905 F.2d 1090 (7th Cir.1990), *cert. denied,* 498 U.S. 1040, 111 S.Ct. 712, 112 L.Ed.2d 701 (1991); *Gamble v. Parsons,* 898 F.2d 117 (10th Cir.), *cert. denied,* 498 U.S. 879, 111 S.Ct. 212, 112 L.Ed.2d 172 (1990);[7] *Taylor v. Armontrout,* 877 F.2d 726 (8th Cir.1989); *Feldman v. Perrill,* 902 F.2d 1445 (9th Cir. 1990). With the possible exception of the Eighth Circuit's decision in *Partee,* we are aware of no case holding that a prisoner in custody under a sentence resulting from (or enhanced by) a conviction whose sentence

---

**6.** In *Brock,* the petitioner pled guilty in 1974 to second degree assault; his sentence expired in 1984. In 1991, the State of Washington filed a petition for commitment alleging that Brock was a "sexually violent predator" within the meaning of the Washington Sexually Violent Predators Act. The state court ordered Brock's indefinite confinement. His 1974 conviction was allegedly a predicate of that petition for commitment. *Id.* at 888–89. The district court dismissed Brock's petition for lack of jurisdiction. The court of appeals reversed and remanded, instructing the district court that if it reached the merits, it should determine whether the expired conviction served as a predicate for Brock's current commitment. *Id.* at 891. In the present case, there is no dispute that Young's 1989 conviction was the predicate for his current incarceration.

**7.** The Court of Appeals for the Fifth Circuit takes a somewhat different approach: in order to challenge a conviction with an expired sentence, it is sufficient for the petitioner to allege a "positive and demonstrative" nexus between the expired sentence and a current enhanced sentence; if he does, the petitioner may directly attack the former conviction. *Willis v. Collins,* 989 F.2d 187, 189 (5th Cir.1993); *accord Young v. Lynaugh,* 821 F.2d 1133 (5th Cir.), *cert. denied,* 484 U.S. 986, 108 S.Ct. 503, 98 L.Ed.2d 501 (1987); *Allen v. Collins,* 924 F.2d 88 (5th Cir.1991). The Court of Appeals for the Eleventh Circuit, on the other hand, has held that it makes no difference whether the petitioner attacks the expired or the enhanced sentence: "This is a distinction without a difference. Whether or not the petition is framed facially in terms of an attack on the enhanced sentence or the expired sentence, the reality is that Harper is 'in custody' as a result of a prior and alleged illegal conviction." *Harper v. Evans,* 941 F.2d 1538, 1539 (11th Cir.1991); *accord White v. Butterworth,* 70 F.3d 573 (11th Cir.1995); *Battle v. Thomas,* 923 F.2d 165 (11th Cir.1991).

has expired may not attack the prior conviction at all.

The only disagreement concerns how he may attack that conviction. The Courts of Appeals for the Fifth and Eleventh Circuits apparently allow the expired conviction to be attacked directly, in contrast to most courts of appeals, which require an attack upon the sentence currently being served. In practice, however, it makes little difference how the petitioner states his claim because, with one exception, the courts of appeals that share our approach in *Clark* follow *Maleng*, as we have done here, and construe habeas petitions that appear to attack only the expired sentence as attacking the current sentence instead.[8] The expired conviction may then be attacked as having improperly enhanced or resulted in the present sentence. *See, e.g., Gamble,* 898 F.2d at 117; *Brock,* 31 F.3d at 887.[9]

## IV. CONCLUSION

Following *Maleng,* we hold that the district court erred in failing to construe Young's petition as attacking his present sentence. We construe Young's petition as doing so, and find that the district court has jurisdiction to entertain his habeas petition. Following *Clark,* we hold that Young may attack his 1989 conviction in the context of his challenge to the sentence he is presently serving. Accordingly, the order of the district court dismissing Young's habeas petition for lack of jurisdiction will be reversed and the case remanded to the district court for further proceedings consistent with this opinion. We express no opinion as to whether Young has exhausted his state court remedies or whether the claims in his petition have merit.

---

**8.** *Clark* did not confront this issue because Clark filed separate habeas petitions attacking all his sentences.

**9.** The exception is the Court of Appeals for the Eighth Circuit, which requires the district court to dismiss petitions attacking only the completed conviction without prejudice to filing a subsequent petition attacking the present, enhanced sentence. *See Taylor v. Armontrout,* 877 F.2d at 726. We decline to follow that policy as it involves unnecessary use of scarce judicial resources.