Shadrack P. **NEYOR**, Petitioner,

v.

**IMMIGRATION & NATURAL. SERV. and John J. Farmer, Jr., Attorney General of New Jersey, Respondents.**

No. CIV. 00–987(WHW).

United States District Court,
D. New Jersey.

Aug. 6, 2001.

Shadrack P. Neyor, Norcoss, GA, Pro se.

Catherine A. Foddai, Deputy Attorney General, Division of Criminal Justice, Appellate Bureau, Trenton, NJ, for Respondents.

## OPINION

WALLS, District Judge.

Petitioner Shadrak P. Neyor ("Petitioner") petitions *pro se* for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court construes this as a petition for relief under 28 U.S.C. § 2241, and the petition is denied and dismissed.

## BACKGROUND

On December 21, 1994, a seven-count indictment was returned in the Superior Court of New Jersey, Essex County, Law Division, against petitioner, which charged: (1) Third Degree Conspiracy (Count I); (2) Third Degree Possession of Heroin (Count II); (3) Third Degree Possession of Heroin with Intent to Distribute (Count III); (4) Third Degree Possession of Heroin with intent to Distribute within 1,000 feet of school property (Count IV); (5) Third Degree Distribution of Heroin (Count V); (6) Third Degree Distribution of Heroin within 1,000 feet of school property (Count VI); and (7) Fourth Degree Possession with Intent to Distribute Drug Paraphernalia (Count VII).

On March 13, 1995, the State moved to amend Counts V and VI of the indictment to list cocaine as the controlled dangerous substance instead of heroin. The trial judge granted the State's motion, noting that the grand jury transcripts and the police reports stated that cocaine was the drug distributed, not heroin.

A jury found petitioner guilty on all Counts. Petitioner was sentenced to a three-year term of imprisonment, with a three year period of parole ineligibility on Count VI. On Count VII, the trial court sentenced defendant to a fifteen month term of imprisonment, to run concurrently with the sentence imposed on Count VI.

On appeal, petitioner contended that the trial court erred by permitting the state to amend counts five and six of the indictment because that amendment changed the substance of the crimes charged. The Appellate Division summarily affirmed. The petitioner did not seek certification to the New Jersey Supreme Court. Instead, the petitioner moved before the trial judge for reconsideration of his sentence, which was denied.

Thereafter, petitioner filed a *pro se* motion for post conviction relief ("PCR") with the Law Division on May 30, 1996. In his PCR petition, the petitioner claimed (1) denial of effective assistance of counsel because of his attorney's alleged failure to investigate the case;[1] (2) grand jury misconduct because the grand jury failed to investigate the charges and accepted the testimony presented by the State; (3) prosecutorial misconduct because the prosecutor made allegedly improper commentary in summation; and (4) trial court error in allowing the State to amend the indictment to read "cocaine" instead of "heroin."

Petitioner's PCR counsel submitted a supplemental brief which argued: (1) the trial court erred in its instruction to the jury regarding "school purposes"; (2) peti-

---

1. Petitioner specifically asserted that his trial counsel failed to: (1) consult with him on trial strategy; (2) locate an allegedly exculpa-

tory witness; and (3) object to the trial court's instructions that the jury could infer that a school was used for school purposes.

tioner's trial counsel was ineffective [2]; and (3) petitioner's counsel was ineffective for failing to raise on appeal the issue of the allegedly improper jury charge on the count of selling drugs within a school zone. The PCR court found that defendant's trial counsel was not ineffective (claim 1).[3] *State of New Jersey v. Neyor*, Crim. No. 94–12–4345, slip op. at 2 (Law Div. Oct. 29, 1996) ("Oct. 29 slip op."). As to claims (2) and (3) contained in the petitioner's *pro se* petition, the PCR court held that these allegations were procedurally barred under N.J. Rule 3:22–4 because they were not, but could have been, raised on direct appeal. Oct. 29 slip op. at 2. Nevertheless, the court briefly addressed the merits of claims (2) and (3). As to the claim of grand jury misconduct, the court found such did not raise a colorable constitutional claim because the grand jury is merely an accusatory body that determines whether probable cause exists to indict based upon the evidence presented to the State. *Id.* The PCR court held the prosecutorial misconduct claim also to be without merit, because the prosecutor properly challenged Neyor's testimony as not credible. *Id.* at 3. The PCR court held that petitioner's claim that the trial court's jury instruction was erroneous was meritless and the charge was not error. *Id.* at 5. Finally, the court held that N.J. Rule 3:22–5 barred petitioner's challenge to the amendment of the indictment, because that issue had been raised and addressed on appeal. *Id.*

On appeal from the denial of PCR, petitioner attacked the PCR's court determination of each of the three ineffective assistance of trial counsel claims. Petitioner further argued ineffective representation by his PCR counsel. The Appellate Division affirmed. The New Jersey Supreme Court denied certification on the ineffective assistance of counsel claim. Petitioner now seeks habeas corpus relief pursuant to 28 U.S.C. § 2254 on the following grounds: (a) petitioner's Sixth Amendment Right to effective assistance of trial and appellate counsel was violated by counsel's (i) failure to investigate the validity of the "school map" and whether the school property was in use for school purposes on the day of the incident; (ii) stipulation to the laboratory results, which he claimed also violated his rights under the Confrontation Clause of the Sixth Amendment; and (iii) failure to challenge amendment of the indictment; (b) the trial court erred in its instruction to the jury regarding "school purposes"; (c) the court erred in allowing amendment of the indictment; and (d) the prosecutor committed prosecutorial and grand jury misconduct, for the same reasons asserted in petitioner's PCR petition.

## DISCUSSION

### A. Petitioner's Custody Status

Under § 2254, district courts may entertain applications for habeas corpus from petitioners who are "in custody *pursuant to the judgment of a state court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). The "in cus-

---

2. The supplemental brief listed the same grounds stated in petitioner's PCR petition for the ineffective assistance of trial counsel claim.

3. The PCR court found that defendant failed to show that the allegedly exculpatory witness would offer substantial testimony. *State of New Jersey v. Neyor*, Crim. No. 94–12–4345,

slip op. at 3–4 (Law Div. Oct. 29, 1996) ("Oct. 29 slip op."). The PCR court noted that defendant did not know the witness's last name, and was unable to contact her. The court also found trial counsel was not ineffective for failing to object to the trial court's instructions regarding a "school zone." *Id.* at 5.

tody" language of Section 2254 requires that habeas petitioner be "in custody" under the conviction or sentence under attack at the time petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490–491, 109 S.Ct. 1923, 1926, 104 L.Ed.2d 540 (1989).

Petitioner completed his sentence on November 4, 1997. (*See* Exhibit 6, at 2). Thereafter, he was picked up by the Immigration and Naturalization Service which is attempting to deport him to Liberia. Petitioner does not attack the validity of the deportation proceeding itself; instead, he merely claims that the underlying conviction is invalid.

In *Maleng v. Cook*, the Supreme Court held that once a prisoner's sentence has expired, he is no longer "in custody" under that conviction sufficient for the court to have jurisdiction to hear a habeas petition under § 2254. 490 U.S. 488, 492, 109 S.Ct. 1923, 1926, 104 L.Ed.2d 540 (1989). The Court in *Maleng* expressed "no view on the extent to which [an earlier conviction] itself may be subject to challenge in the attack upon [a later sentence] which it was used to enhance." *Id.* at 494, 109 S.Ct. at 1927.

After *Maleng*, the Third Circuit held that when a prisoner seeks to collaterally attack a sentence that has already expired, he may *indirectly* attack the expired sentence if it was used to enhance a sentence that the prisoner is currently serving; however, the petition is to be construed as one attacking the current sentence and not the expired sentence. *See Young v. Vaughn*, 83 F.3d 72, 75–76 (1996). *Young* interpreted the Circuit's earlier decision in *Clark v. Pennsylvania* and the Supreme Court's holding in *Maleng* to require construction of a petition that attacked a previously expired sentence as a petition attacking the *current* sentence that had been enhanced by or resulted from the expired sentence. *See Young*, 83 F.3d at 75–76,

discussing *Clark v. Pennsylvania*, 892 F.2d 1142 (3d Cir.1989), *cert. denied sub nom. Castille v. Clark*, 496 U.S. 942, 110 S.Ct. 3229, 110 L.Ed.2d 675 (1990). *Young* explained:

> Under *Clark*, a federal habeas petitioner in custody under a sentence enhanced by a prior conviction may attack that prior conviction, even if he is no longer in custody for it. However, he may do so only in the context of a challenge to the enhanced sentence for which he is in custody. In other words, a prisoner may attack his current sentence by a habeas challenge to the constitutionality of an expired conviction if that conviction was used to enhance his current sentence.

83 F.3d at 77–78. *Young* took this reasoning one step further: Young's expired 1989 conviction constituted a parole violation, which served as a "predicate" for his current prison sentence. *Id.* at 78. His sentence was not *enhanced* by virtue of the earlier conviction like in *Maleng* and *Clark*, but instead was a direct result of the earlier conviction:

> [T]his difference only makes Young's case stronger: but for his 1989 conviction, he would not be in prison or otherwise "in custody" at all. Young's confinement is thus even more closely related to his 1989 conviction than if it were merely the result of a sentence enhanced by that conviction.... "If anything, it is even more appropriate for a court to examine an expired conviction in the present circumstances than for it to do so in the context of an enhanced sentence."

*Id.* at 78 (emphasis added) (quoting *Brock v. Weston*, 31 F.3d 887, 890 (9th Cir.1994)).

The Supreme Court recently examined the availability of an indirect collateral attack upon an expired conviction, when that conviction has been used to enhance a later

sentence which is under attack. In *Lackawanna County District Attorney v. Coss*, 531 U.S. 923, 121 S.Ct. 1567, 1571, 149 L.Ed.2d 608 (2001), a state prisoner brought a § 2254 petition in which he sought to attack a current sentence from Pennsylvania state court which may or may not have been enhanced on the basis of another, earlier expired state conviction. In reliance on the teachings of *Maleng*, the Supreme Court observed that the petitioner was "in custody" pursuant to the later state court judgment, but not with regard to the expired conviction. *Id.* at 1573. The Court went on to address the question left unanswered in *Maleng*, " 'the extent to which the [prior expired] conviction itself may be subject to challenge in the attack upon the [current] senten[ce] which it was used to enhance.' " *Id.*, quoting *Maleng*, 490 U.S. at 493, 109 S.Ct. 1923, 104 L.Ed.2d 540.

The Supreme Court discussed a similar case decided the same day as *Coss*, *Daniels v. United States*, — U.S. —, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001). In *Daniels* the Court was presented with the question of whether it would be permissible to attack a federal sentence under § 2255 on the ground that the sentence had been enhanced under the Armed Career Criminal Act ("ACCA") by an allegedly unconstitutional expired conviction. — U.S. at — — —, 121 S.Ct. at 1580–81. *Daniels* answered "No" to that question by relying on a previous Supreme Court decision, *Custis v. United States*, 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994). The *Custis* Court had held that a defendant had no right to challenge the validity of an underlying criminal conviction that was used to enhance his federal sentence under the ACCA during his federal sentencing proceedings.[4] In *Daniels*, the Ninth Circuit had found that *Custis* barred federal habeas review of the validity of an expired conviction used for federal sentence enhancement purposes. 195 F.3d 501, 503 (9th Cir.1999). The Supreme Court in *Daniels* and *Coss* determined that the reasoning of *Custis* applied to the § 2255 and § 2254 contexts as well. *Daniels* concluded:

> "[i]f . . . a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were unavailable (or because the defendant did so unsuccessfully), then that defendant . . . may not collaterally attack his prior conviction through a motion under § 2255."

*Coss*, 121 S.Ct. at 1573, quoting *Daniels*, — U.S. at —, 121 S.Ct. at 1583. In *Coss*, the Supreme Court followed its reasoning in *Daniels*:

> . . . Accordingly, as in *Daniels*, we hold that once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. . . . If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Coss*, 121 S.Ct. at 1574. Both cases explained that this result was required based upon two considerations:

---

4. In *Young v. Vaughn*, the Third Circuit mentioned the *Custis* holding, but declared that such holding applied only to the context of sentencing proceedings themselves, not later habeas proceedings. 83 F.3d at 77.

ease of administration and the interest in promoting the finality of judgments. With respect to the former, we noted [in *Custis* ] that non-*Gideon*-type constitutional attacks on prior convictions "would require sentencing courts to rummage through frequently nonexistent or difficult to obtain state-court transcripts or records." ... With respect to the latter, we observed that allowing collateral attacks would "inevitably delay and impair the orderly administration of justice" and "deprive the state-court judgment of its normal force and effect."

*Daniels,* —— U.S. at ——, 121 S.Ct. at 1581, quoting *Custis,* 511 U.S. at 496–97, 114 S.Ct. 1732, 128 L.Ed.2d 517; *accord Coss,* 121 S.Ct. at 1574.

 From the reasoning of *Maleng* and *Young,* then, it is clear that petitioner is not "in custody" under the expired state conviction. However, petitioner is currently *in INS custody* pursuant to removal proceedings. Those proceedings were brought as a result of his expired conviction. However, the record before the Court does not disclose the stage of those proceedings, *i.e.,* whether a final removal order has been entered or whether petitioner is in the process of appeal of a removal order before the Board of Immigration Appeals. If petitioner is allowed to attack his underlying conviction at all in the present context, his petition must be construed as one attacking his current confinement. *See Young,* 83 F.3d at 79 (construing habeas petition to attack the current sentence as opposed to the expired conviction, and allowing that petitioner may attack the expired conviction as having improperly enhanced or resulted in the present sentence). That may be done if this Court construes the petition as one brought under Section 2241 as opposed to one under 2254. Under Section 2241, a district court may entertain habeas petitions from persons who are "in custody in violation of the constitution or laws of the United States." 28 U.S.C. § 2241(c)(3). To resolve this matter this Court will construe the petition as one under Section 2241.

**B. Collateral Review of Expired Convictions Under § 2241**

Although review is available only if this Court construes the petition as one under § 2241, the prime issue remains, whether an INS petitioner, in the process of removal proceedings, may bring a habeas petition to attack the validity of the underlying conviction. *See Taveras–Lopez v. Reno,* 127 F.Supp.2d 598, 603 (M.D.Pa.2000) (Third Circuit has not addressed the justiciability of a collateral attack to the validity of a state court conviction in the context of a § 2241 challenge to a removal order; district court declined to decide the issue in light of petitioner's failure to exhaust state remedies). In *Taveras–Lopez,* the district court commented that *Young's* reasoning might apply by analogy:

In *Young,* the court found that but for the otherwise expired conviction that the petitioner wanted to challenge, the petitioner would not then be in custody. The same observation can be made here. But for Taveras–Lopez' 1998 conviction, he would not be in INS custody awaiting deportation. The logic of *Clark, Young* and *Coss* would thus appear to support the availability of collateral review of an otherwise expired state court conviction in a § 2241 proceeding challenging a removal order based upon the otherwise expired state conviction.

*Id.* at 604. *Taveras–Lopez* then discussed several "compelling reasons counseling against allowing a § 2241 petition challenging the validity of a removal order to be the vehicle for a contest to the deporta-

tion-causing conviction." *Id.* at 603. First is the strong interest in finality of convictions. Second, the federal custodian who responds to the § 2241 petition might have no basis on which to defend the underlying state court conviction. Because the task of the immigration officials is to "determine whether the non-citizen stands convicted of a deportable [of]fense," they would reasonably need to rely on the cooperation of the state prosecutor. *Id.* at 603. However, once the sentence has been fully served, "state prosecutors may not have an interest in vindicating their convictions." *Id.* at 603. The court also recognized some countervailing considerations. It referenced the example of one who plead guilty in return for a short sentence and has no incentive to seek habeas review, but who nevertheless is unaware of the possibility of removal. In such circumstances, the court observed, it would be unfair to deprive the petitioner of "recourse to a federal forum to assail a conviction, the direct consequence of which is the loss of the right to remain in the United States." *Id.* at 603–604. Ultimately, however, *Taveras–Lopez* did not decide whether it would allow collateral review of an expired sentence in the context of a § 2241 proceeding, because the petitioner had failed to exhaust his state court remedies in attacking his underlying conviction. *Id.* at 601.

Courts in other jurisdictions have reached mixed conclusions on the issue. In *Contreras v. Schiltgen,* 151 F.3d 906 (9th Cir.1998), the Ninth Circuit held that a petitioner could not collaterally attack his state conviction in § 2241 proceeding which challenged his INS detention when that state conviction had expired. *Id.* at 907. The *Contreras* court reasoned that the statute under which the INS sought to deport the petitioner limited the INS' review to the question of the fact of conviction but did not allow review of the validity of the underlying conviction. *Id.* at 908

(citing former 8 U.S.C. § 1227(a)(2)(C)). Under such circumstances, the INS was entitled to rely upon the validity of the conviction and the detention was lawful. *Id.* Furthermore, the INS may rely on the validity of the state court conviction as a lawful basis for detention and deportation until it is overturned in collateral state court proceedings against the state. *Id.* at 907.

In *U.S. ex rel. Zegarski v. Moyer,* No. 92 C 4156, 1992 WL 195338 (N.D.Ill. August 5, 1992), the petitioner was held by the INS pursuant to a deportation order entered as a collateral consequence of an earlier state conviction which had expired. *Id.* at *1. The petitioner sought to attack the validity of his underlying conviction. *Id.* The government moved to dismiss for lack of jurisdiction because of the expired sentence. The *Zegarski* court observed that it could locate no cases with similar fact patterns. *Id.* at *5. However, it noted that petitioner's situation was analogous to the sentencing enhancement cases insofar as his previous conviction was used against him in a separate later hearing. *Id.* In reliance on those cases, the *Zegarski* court found that it had jurisdiction to hear petitioner's collateral attack on his expired sentence. *Id.* However, the court commented that it did so "somewhat reluctantly," because it did not want to create an "incentive for delay by persons challenging criminal convictions." *Id.* The court further commented that "although Zegarski's petition may constitute a new form of abuse of the writ, we find that it is not one that we are prohibited by statute or the cases from considering." *Id.* The court denied the motion to dismiss but expressed no opinion as to whether "laches, untimeliness or some other grounds would ultimately bar Zegarski's petition." *Id.* at *6.

■ In *Kandiel v. US,* 964 F.2d 794 (8th Cir.1992), plaintiff had been convicted on

thirteen counts of various firearms offenses. At the time plaintiff filed his section 2255 motion, his sentence for these convictions had fully expired. *Id.* at 795. Plaintiff was being held by the INS pending deportation based on his convictions. The district court held that "plaintiff's detention by the INS did not constitute 'custody' for purposes of section 2255." *Id.* at 794. The *Kandiel* court relied on *Maleng v. Cook*, 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989), which held "that adverse collateral consequences of a conviction, such as enhancement of a sentence for a subsequent conviction, are not sufficient to render an individual in custody [under that expired conviction]. Although *Maleng* involved a request for habeas corpus relief under section 2254, its analysis applies to section 2255 as well." *Id.* at 796, 109 S.Ct. 1923. *Kandiel* also pointed out that in such circumstances involving a *federal* conviction, the court should construe the § 2255 petition as one for a writ of error *coram nobis*. A writ of error *coram nobis* "is essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction." *Fleming v. United States*, 146 F.3d 88, 89–90 (2d Cir.1998). The writ of error *coram nobis* is available in federal court only for those who were convicted in federal court.

■■■■■ The writ of error *coram nobis*, authorized under the All Writs Act, 28 U.S.C.A § 1651(a), "has been exclusively used by petitioners who have not yet commenced serving their sentence or have completed service of their sentence." *United States v. Keogh*, 391 F.2d 138 (2d Cir.1968). The remedy of error *coram nobis* is available to vacate a federal conviction after a sentence has been served and the defendant is no longer in custody. *United States v. Morgan*, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954). The Supreme Court in *Morgan* recognized that "[a]lthough a term has been served, the results of the conviction may persist." 346 U.S. at 512, 74 S.Ct. 247, 98 L.Ed. 248. A petitioner who seeks the *coram nobis* writ must demonstrate that "he is suffering from continuing consequences of an allegedly invalid conviction." *Id.* at 512–513, 74 S.Ct. at 253–54.[5] In *Morgan*, petitioner was serving a state prison sentence that had been enhanced because of a previous federal conviction. *Id.* at 504, 74 S.Ct. 247. Petitioner alleged incompetent waiver of counsel in the earlier federal proceeding and sought to void the federal conviction, for which he had served the sentence. *Id.* The district court dismissed the action for lack of jurisdiction because the petitioner was no longer "in custody" under the federal sentence. *Id.* at 503–04, 74 S.Ct. 247. The Supreme Court held that the district court had jurisdiction to treat petitioner's Section § 2255 "application" as a motion in the nature of the writ of error *coram nobis*. *Id.* at 505, 74 S.Ct. 247. Here, the *coram nobis* remedy is not available to petitioner, because he was not convicted in federal court.[6]

---

**5.** To obtain *coram nobis* relief, the petitioner must establish that a fundamental error occurred at some point during the course of his criminal proceedings. *Morgan*, 346 U.S. at 512, 74 S.Ct. at 253.

**6.** In *Janiec v. McCorkle*, the New Jersey Appellate Division held that a person who has served his or her sentence may collaterally challenge the conviction on constitutional grounds by filing in the state court in which the conviction took place a motion which "should have the attributes and incidents of the writ of Coram nobis." 52 N.J.Super. 1, 17–19, 144 A.2d 561, 569–71 (App.Div.1958), *cert. denied*, 362 U.S. 944, 80 S.Ct. 811, 4 L.Ed.2d 772 (1960). Although this Court has not located any later New Jersey case in which the remedy was used or in which the court discussed the availability of the writ, *McCorkle* remains good law in New Jersey.

The teachings of the above cases provide some guidance and suggest that this Court should not review the validity of an expired conviction under § 2241 when that conviction serves as a predicate for INS detention.

Most critical to this discussion is the state's interest in finality of convictions and ease of administration, which, as discussed, was heavily emphasized by the Supreme Court in *Daniels* and *Coss*. In *Daniels*, Justice O'Connor, writing for the majority, explained that the vehicles of direct appeal, postconviction proceedings, and habeas petitions under § 2254 are "not available indefinitely and without limitation." —— U.S. at ——, 121 S.Ct. at 1583.

> Procedural barriers, *such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim.* ... One of the principles vindicated by these limitations is a "presumption deeply rooted in our jurisprudence: the 'presumption of regularity' that attaches to final judgments, even when the question is waiver of constitutional rights."

*Id.* at 1583 (emphasis added), quoting *Parke v. Raley*, 506 U.S. 20, 29, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992). Furthermore, the Justice reasoned, a person sentenced has numerous avenues of review available, whether that is direct appeal or direct collateral review. If such avenues are still available to the petitioner, then he may do so, and after a successful challenge may move to reopen his sentence, although the Court declined to express any view as to the appropriate disposition of such an application. *Id.* Moreover, in response to Justice Souter's concern, expressed in his dissent, about a petitioner deciding to forego attack because the penalty was not worth challenging, Justice O'Connor wrote:

> Whatever incentives may exist at the time of conviction, the fact remains that avenues of redress are generally available if sought in a timely manner. If a person chooses not to pursue those remedies, he does so with the knowledge that the conviction will stay on his record. This knowledge should serve as an incentive not to commit a subsequent crime and risk having the sentence for that crime enhanced under a recidivist sentencing statute.

*Id.* at 1583 n. 1. Consequently, *Daniels* held that if the previous conviction used to enhance a federal sentence is no longer open to direct or collateral attack because (a) the defendant failed to pursue such remedies or (b) the defendant did so, but his challenge was unsuccessful, then the "presumption of validity that is attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under 2255." *Id.* at 1583.

Similarly, *Coss* explained that the same factors, ease of administration and finality of convictions, were equally applicable in the § 2254 context. First, the State that secures a final judgment, either by petitioner's unsuccessful challenge on review or by his decision not to seek review, "obtains a strong interest in preserving the integrity of the judgment." *Id.* at 1574. Moreover, other jurisdictions may obtain an interest in finality of the judgment as they apply their own recidivist statutes. *Id.* Second, ease of administration may be hampered as time passes, because "once a state sentence has been served to completion, the likelihood that trial records will be retained by the local courts and will be accessible for review diminishes substantially." *Id.*

However, both *Daniels* and *Coss* recognized an exception to that rule, which would allow such an indirect collateral "challenge to an enhanced sentence on the basis that the prior conviction was used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963)." *Daniels,* —— U.S. at ——, 121 S.Ct. at 1583; *Coss,* 121 S.Ct. at 1574. Furthermore, in *Daniels,* Justice O'Connor also noted that there may be "rare" circumstances in which "no channel of review was actually available to a defendant with respect to a prior conviction, due to no fault of his own," but that the circumstances did not require any determination of whether and when that factor would allow indirect collateral review of the expired sentence. —— U.S. at —— – ——, 121 S.Ct. at 1584–85.

 Although the *Zegarski* court reluctantly found that it had jurisdiction to review an expired conviction under § 2241, it did so apparently on the assumption that the situation was completely analogous to the sentence-enhancement scenario. This Court agrees with *Zegarski* that the sentence-enhancement situation is analogous, because here, as in *Young v. Vaughn,* petitioner's expired state conviction served as the predicate for his current custody. Notwithstanding *Young*'s limitation of the Supreme Court's holding in *Custis* to the situation of the sentencing proceedings themselves, this Court finds that *Coss* and *Daniels* require application of *Custis* ' reasoning to any later sentence-enhancement cases, and by analogy, to the § 2241 context as well. If under a *Young*-type analysis the Court would consider review of an expired sentence, then the Court is also bound by the Supreme Court's declaration that indirect collateral review of an expired sentence is unavailable when the petitioner has failed to seek direct or collateral review that was available or has sought such review but was unsuccessful. As stated, petitioner did appeal his sentence on narrow grounds, but his conviction was affirmed. He then sought PCR and was unsuccessful. Under the teachings of *Coss,* then, he is bound by those decisions, and the INS is entitled to rely on the " 'presumption of regularity' that attaches to final judgments." *Daniels,* 121 S.Ct. at 1584 (citation omitted).[7] Moreover, petitioner had available to him a further avenue of review under 28 U.S.C. § 2254, which he could have sought directly against the state during the time he was incarcerated for his state conviction and before the 1-year statute of limitations imposed by AEDPA expired. He chose not do so and is bound by his decision and the consequences.

As *Taveras–Lopez* explained, after a conviction has expired, the state may not have as great an interest in vindicating its convictions and thus will not have as great an incentive to cooperate with the custodial respondent. Here, plaintiff is in INS custody but conveniently has named the state as a respondent, in addition to the INS. Although the INS and the state have obviously cooperated, it is likely because the petitioner improperly styled his petition as one under § 2254 instead of § 2241. That is not to say the state would not otherwise have cooperated, but the court does agree with the general proposition that it may be difficult and often impracticable for the state to produce its records which may be

---

7. Petitioner does not fall within the exception delineated by *Coss* and *Daniels* for *Gideon*-type denial of counsel claims.

voluminous years after the conviction has expired.

Furthermore, as *Contreras* made clear, the removal statutes do not allow the INS to inquire into the validity of underlying convictions during removal proceedings but allow only an inquiry as to the fact of conviction. 151 F.3d at 907. Because a Section 2241 petition is ordinarily a vehicle to challenge the Board of Immigration Appeals' final determination, and that tribunal is not empowered to delve into the validity of the conviction, then neither should the reviewing court have such jurisdiction. To repeat, if there truly has been manifest injustice occasioned by the allegedly unconstitutional state court conviction, then the state may afford the petitioner a remedy akin to the *coram nobis* writ, but that is a remedy which he must seek in the state court, not in federal court under the guise of § 2241. Because the Court concludes that it may not review the validity of petitioner's expired conviction under § 2241, the petition is denied.

## C. Exhaustion of State Court Remedies

■ Even if *Coss* and *Daniels* did not require this determination, this Court agrees with *Taveras–Lopez,* that if review of the expired conviction were available, then "the interests of federalism and comity underlying the exhaustion of state court remedies doctrine [ ] must be respected." 127 F.Supp.2d at 604. As said, *Taveras–Lopez* did not reach the issue of whether review could be available, because that court determined that comity and federalism required that the petitioner exhaust all available state remedies under § 2254; he had not. 127 F.Supp.2d at 603. Even if the Court were to allow an indirect collateral attack to petitioner's expired conviction, then the principles which underlie the exhaustion doctrine, namely, to give the

state the first opportunity to remedy state court errors and to protect the state's interest in finality of judgments, require application of the same exhaustion rules here. In general, a federal court may grant habeas corpus relief to a state prisoner only if he has exhausted all available state remedies. *See* 28 U.S.C. § 2254(b)(1). For a claim to be exhausted, the state courts must have had an opportunity to hear each of the petitioner's constitutional claims and correct any mistakes regarding his or her conviction. *See Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). This enables state courts to be the first to review all claims of federal constitutional error. *Rose v. Lundy,* 455 U.S. 509, 518–519, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Duarte v. Hershberger,* 947 F.Supp. 146, 150 (D.N.J.1996).

■ A habeas petitioner shall not be deemed to have exhausted the remedies available in the court of the State ... *"if he has the right under the law of the State to raise, by any available procedures, the question presented."* 28 U.S.C. § 2254(c) (emphasis added); *O'Sullivan v. Boerckel,* 526 U.S. 838, 844, 119 S.Ct. 1728, 1734, 144 L.Ed.2d 1 (1999); *Lines v. Larkins,* 208 F.3d 153, 159 (3d Cir.2000). This means that a petitioner for federal habeas review is required to present claims to the state supreme court, even though its review might be discretionary. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). *See also Werts v. Vaughn,* 228 F.3d 178, 191 (3d Cir.2000); *Evans v. Court of Common Pleas, Del. County, Pa.,* 959 F.2d 1227, 1230 (3d Cir. 1992). Because there is a right to "raise" claims, if not a right to have them reviewed, in the interest of comity the prisoner should be required to petition for this

discretionary review. *O'Sullivan*, 526 U.S. at 845, 119 S.Ct. at 1733.[8]

■ The prisoner must "fairly present" the substance of his claim to the state courts in order to exhaust. *See Picard*, 404 U.S. at 275–277, 92 S.Ct. 509. In other words, a petitioner must present the facts and the legal basis which support his or her federal claim to the state courts to put the state courts on notice of the federal claim presented and to ensure that the same method of legal analysis used by the federal court was available to the state court. *Id.* at 277–78, 92 S.Ct. 509; *Chaussard v. Fulcomer*, 816 F.2d 925, 928 (3d Cir.), *cert. denied*, 484 U.S. 845, 108 S.Ct. 139, 98 L.Ed.2d 96 (1987).

Respondent is correct that the petitioner has not "fairly presented" his federal claims in state court, and thus has not fully exhausted these claims. *Picard*, 404 U.S. at 275–277, 92 S.Ct. 509.

■ Petitioner's claims regarding the adequacy of his trial counsel (claim (a)) were never raised on direct appeal. Nor did petitioner seek certification from the New Jersey Supreme Court. Moreover, although he raised ineffective assistance of trial counsel in his PCR petition, he did not raise in the PCR proceeding any of the specific factual errors he now asserts. Furthermore, unexhausted claims may not be reviewed absent showing of "cause" for the default and "prejudice" therefrom. *Caswell v. Ryan*, 953 F.2d 853, 857 (3d Cir.1992). Petitioner does not allege, let alone demonstrate, cause and prejudice with regard to his ineffective assistance of trial counsel claim and these claims are barred.[9]

■ Petitioner's claim that the trial court's jury instruction was erroneous (claim (b)) was never raised on direct appeal. Petitioner raised this claim in his PCR petition, but the PCR court held that the claim was meritless and the charge was not error. Oct. 29 slip op. at 5. However, petitioner did not appeal that determination to the Appellate Division or seek certification. He has failed to present this claim to each level of the state courts as required. *See O'Sullivan*, 526 U.S. at 844, 119 S.Ct. 1728. Moreover, his time to appeal has lapsed. When state procedural rules bar a petitioner from seeking further relief in state courts, "the exhaustion requirement is satisfied because there is 'an absence of available State corrective process.'" *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir.1999) (quoting 28 U.S.C. § 2254(b)); *Lines*, 208 F.3d at 160. Al-

---

8. Collateral attack in state court is not required if the petitioner's claim has been considered on direct appeal. *See Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir.1997).

9. Petitioner alleges ineffective assistance of "appellate counsel" in his habeas petition. However, petitioner filed no direct appeal. He may mean to assert that his PCR counsel was ineffective. If so, such a claim is not cognizable on habeas review because there is no Sixth Amendment right to counsel in a PCR proceeding. *See Wainwright v. Torna*, 455 U.S. 586, 587–588, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982) ("[A] criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals ...

[without this] constitutional right to counsel, [a defendant] could not be deprived of the effective assistance of counsel."). PCR counsel's ineffectiveness is not a cognizable claim in this habeas proceeding. If he simply means to assert that his appointed counsel was ineffective in failing to file a direct appeal, that too is barred because he never raised that claim to the state courts and has neither alleged nor demonstrated cause and prejudice. *See Edwards v. Carpenter*, 529 U.S. 446, 448, 453, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000) (ineffective assistance of counsel claims as "cause" for procedural default must also be exhausted in state courts).

though exhaustion is futile, and thereby excused, "this does not mean that a federal court may, *without more,* proceed to the merits." *Lines,* 208 F.3d at 160 (emphasis added). "Rather, claims deemed exhausted because of a state procedural bar are procedurally defaulted, and federal courts may not consider their merits" unless "the petitioner establishes 'cause and prejudice' or a 'fundamental miscarriage of justice' to excuse the default." *Lines,* 208 F.3d at 160; *Werts v. Vaughn,* 228 F.3d at 192 (internal quotation marks and citation omitted). Petitioner's jury charge claim is procedurally defaulted. Further, the Petitioner does not allege, let alone demonstrate, "cause" or "prejudice" or a fundamental miscarriage of justice with regard to this claim.

Petitioner also did not seek appeal or seek New Jersey Supreme Court certification of his claim of improper amendment of the indictment (claim (c)). Petitioner did raise this claim in the PCR court, but the PCR court found that it was barred by Rule 3:22–5 because it was already determined on appeal. Oct. 29 slip op. at 3. Because Petitioner has not raised this claim to each level of the New Jersey Courts, he has not fully exhausted this claim. As with claim (b), petitioner does not allege or establish cause and prejudice with respect to this claim.

Petitioner did not raise his claims of prosecutorial misconduct and grand jury misconduct on direct appeal or seek certification by the New Jersey Supreme Court (claim (d)). Petitioner did raise this claim in the PCR court, which stated that they were procedurally barred, but in any event held they do not give rise to a level of constitutional violation. However, petitioner never appealed these holdings either. Before this Court, these claims are procedurally barred because petitioner's time to appeal had lapsed, and petitioner has failed to establish cause and prejudice for his procedural default.

## CONCLUSION

For the foregoing reasons, the petition is construed as one for relief pursuant to 28 U.S.C. § 2241 and is denied and dismissed. Because petitioner has not made a reasonable showing of a constitutional violation, no certificate of appealability shall issue.

**SO ORDERED.**

## ORDER

Petitioner Shadrack P. Neyor moves for relief pursuant to 28 U.S.C. § 2254. Upon consideration of the parties' submissions and for the reasons stated in the accompanying opinion,

It is on this ＿ day of July 2001:

ORDERED that the petition is construed as one for relief under 28 U.S.C. § 2241; it is further

ORDERED that the petition is DENIED; and it is further

ORDERED that no certificate of appealability shall issue.